**Gayamo PANIAG, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.**

**No. 95–728.**

United States Court of Veterans Appeals.

July 30, 1997.

Before FARLEY, HOLDAWAY, and IVERS, Judges.

## ORDER

PER CURIAM.

On May 21, 1997, the Court issued a panel opinion in *Paniag v. Brown*, 10 Vet.App. 265 (1997), dismissing the appellant's appeal for lack of jurisdiction. In the opinion, the Court decided that the Board of Veterans' Appeals (BVA or Board) had properly mailed its decision to the appellant's representative as required by 38 U.S.C. § 7104(e) and consequently, that the appellant's Notice of Appeal (NOA) was not timely filed because it was received by the Court after the 120–day statutory period prescribed by 38 U.S.C. § 7266(a). *Paniag*, 10 Vet.App. at 268. On June 11, 1997, counsel for the appellant filed a motion for reconsideration of the Court's opinion. In that motion, counsel argued that the Court had failed to address the application of 38 C.F.R. § 20.305 (1996) to the appellant's appeal and that the NOA was timely filed. Appellant's Motion (Mot.) at 2–3.

A claimant may file a motion for reconsideration of a final BVA decision at any time after receiving notification of the decision. *See* 38 C.F.R. § 20.1001(b) (1996). Filing a motion for reconsideration with the Board may toll the 120–day statutory period in which a claimant may file an NOA with this Court. *See* 38 U.S.C. § 7266(a); *Rosler v. Derwinski*, 1 Vet.App. 241, 245 (1991). In order to toll the statutory period for filing an appeal, a claimant must file a motion for reconsideration with the BVA within 120 days from the date of the mailing of the final BVA decision. *Rosler*, 1 Vet.App. at 249. In this case, the appellant filed her motion

121 days after the Board issued its decision denying her claim.

 Counsel for the appellant argues that the appellant's motion for reconsideration to the BVA was timely filed pursuant to 38 C.F.R. § 20.305(a). Section 20.305 establishes the rule for computing the date of receipt for any filing with the BVA:

> When these Rules require that any written document be filed *within a specified period of time,* a response postmarked prior to expiration of the applicable time limit will be accepted as having been timely filed. In the event that the postmark is not of record, the postmark date will be presumed to be five days prior to the date of receipt of the document by [VA]. In calculating this 5–day period, Saturdays, Sundays and legal holidays will be excluded.

38 C.F.R. § 20.305(a) (emphasis added). Counsel argues that since the actual postmark date of the appellant's motion for reconsideration to the BVA cannot be ascertained in this case, the motion should have been deemed received at the BVA on August 24, 1994—five days prior to the expiration of the 120–day period. Appellant's Mot. at 3. Therefore, counsel argues, the motion was timely and the appeal period to this Court should have been tolled. *Id.*

Section 20.305, however, applies only to filings before the Board and only to filings required to be made "within a specified period of time." The 120–day period at issue here is derived from the time limit set forth at 38 U.S.C. § 7266(a) and is governed by that statute and the Court's Rules and caselaw. Furthermore, under Rule 4 of the Court's Rules of Practice and Procedure, there is no five-day "postmark presumption" period if a filed document does not bear a postmark. Rule 4(a)(2) provides that an NOA shall be deemed received for filing

> on the date of its receipt by the Clerk, if it does not bear a legible postmark affixed by the United States Postal Service, or it is delivered or sent by means other than United States mail, including facsimile.

U.S. VET.APP. R. 4(a)(2). Based on 38 U.S.C. § 7266(a), the Court's Rules, and the holding in *Rosler,* section 20.305(a) does not apply to the appellant's filing and counsel's argument fails. In particular, the Court notes, as indicated above, that 38 C.F.R. § 20.305(a) does not apply to a motion for reconsideration filed with the BVA because it may be filed at any time and does not have to be filed within a specified period of time. *See* 38 C.F.R. §§ 20.1000, 20.1001(b).

 In the motion for reconsideration, counsel also argues that the appellant is illiterate and that the Court should have considered her actual intentions when she typed "The American Legion" in Block 3 of her VA Form 23–22, Appointment of Service Organization as Claimant's Representative. Appellant's Mot. at 5. The Court, however, must limit its review to the observable facts of record and cannot speculate as to what the appellant's actual intention may have been at the time she appointed her service representative.

Upon consideration of the foregoing, it is

ORDERED that the appellant's motion for reconsideration by the panel is DENIED.