**Richard A. LINVILLE, Claimant–Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent–Appellee.**

No. 98–7063.

United States Court of Appeals, Federal Circuit.

Jan. 26, 1999.

Karen B. Levin, Paralyzed Veterans of America, of Washington, DC, argued for claimant-appellant. With her on the brief was Michael P. Horan.

Linda A. Halpern, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Assistant Director. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel and Michael J. Timinski, Attorney, Department of Veterans Affairs, of Washington, DC.

Before MICHEL, CLEVENGER, and BRYSON, Circuit Judges.

CLEVENGER, Circuit Judge.

Richard Linville appeals the dismissal by the Court of Veterans Appeals, on jurisdictional grounds, of his claim for veterans' benefits. The Court of Veterans Appeals held that Linville's notice of appeal from the final decision of the Board of Veterans' Appeals was untimely because it was not received by the Board within the 120–day period required by *Rosler v. Derwinski*, 1 Vet. App. 241 (1991), notwithstanding that the notice of appeal was postmarked within the time period. *See Linville v. West,* 11 Vet. App. 60 (1998). Because the Court of Veterans Appeals misinterpreted regulations governing the timing and filing procedures for the Board of Veterans' Appeals, we reverse the decision below and remand with instructions to reinstate Linville's appeal.

I

The facts of this case are few and undisputed. Mr. Linville is seeking additional service-connected benefits for post-traumatic stress disorder he suffers as a result of his military service during the Vietnam War. On February 28, 1996, the Board of Veterans' Appeals ("Board") denied Linville's request for a higher disability rating, thereby affirming the rating decision of the Department of Veterans Affairs. On June 19, 1996, 112 days after the Board's final decision, Linville's properly-addressed motion for reconsideration was postmarked by the United States Postal Service in Medford, Oregon. A single-line date stamp apparently indicative of the mailroom at the Department of Veterans Affairs in Washington, D.C., was placed on the envelope on July 19, 1996. The Board denied the motion on September 12, 1996. On January 10, 1997, within the 120–day period following the denial of the motion for

reconsideration, but well beyond the 120–day period following the Board's final decision, Linville filed a Notice of Appeal to the Court of Veterans Appeals.[1]

On March 17, 1997, the Secretary of Veterans Affairs ("Secretary") moved to dismiss Linville's appeal on the grounds that the Board's decision became final and unappealable when the 120–day period following the February 28, 1996, final decision ended. Linville, after obtaining assistance of counsel, filed an opposition to the motion. On February 3, 1998, an in banc Court of Veterans Appeals dismissed Linville's appeal for lack of jurisdiction, holding that the postmark rule that otherwise applies to all documents filed within specified times with the Court of Veterans Appeals and the Board of Veterans' Appeals did not operate in this case. *See Linville,* 11 Vet.App. at 63. Thus, the Court of Veterans Appeals determined that Linville's motion for reconsideration was filed on July 19, 1996, outside the 120–day time period from the Board's final decision, and thus could not operate to toll the time limit for filing a Notice of Appeal to the Court of Veterans Appeals, as allowed by that court's decision in *Rosler v. Derwinski,* 1 Vet.App. at 241. This appeal followed.

## II

■ As an initial matter, the Secretary asserts that this court lacks jurisdiction to hear the case. In particular, he suggests that we are precluded from considering Linville's arguments because they were not mentioned in the Court of Veterans Appeals' decision, and thus not "relied upon" by that court as required by section 7292 of title 38, the statute granting the Federal Circuit the authority to review decisions of the Court of Veterans Appeals. 38 U.S.C. § 7292(d)(1) (1994) (allowing the Federal Circuit to review, and set aside if warranted, "any regulation or interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the Court of Veteran's Appeals"). We note that the Secretary does not claim that Linville failed to raise his arguments to the court below; indeed, a review of the record indicates that Linville's statutory and regulatory arguments made here were also thoroughly presented to the Court of Veterans Appeals. *See* Opposition to Motion to Dismiss, No. 97–66, filed June 24, 1997 (Ct.Vet.App.). Instead, the Secretary in essence suggests that 38 U.S.C. § 7292 allows legal arguments made to the Court of Veterans Appeals to become unreviewable if those arguments are ignored or rejected sub silentio by the Court of Veterans Appeals.

We find this argument unpersuasive. The Secretary's construction of section 7292 would undermine this court's authority to review decisions of the Court of Veterans Appeals. To be sure, our review of Court of Veterans Appeals' decisions is limited to "relevant questions of law," including the interpretation of constitutional, statutory, and regulatory decisions. 38 U.S.C. 7292(d)(1). In that light, a specific curtailment of our scope of review is found in section 7292(d)(2): "Except to the extent that an appeal ... presents a constitutional issue, the Court of Appeals [for the Federal Circuit] may not review (a) a challenge to a factual determination, or (b) a challenge to a law or regulation as applied to the facts of a particular case." Section 7292 as a whole evinces a clear intent on the part of Congress to allow the Federal Circuit to searchingly review the legal conclusions expressly or necessarily reached by the Court of Veterans Appeals, while leaving factual determinations undisturbed. This purpose would be frustrated if this court were precluded from considering questions of law that were necessarily decided simply because they were left unmentioned by the court below. A decision that rejects a party's constitutional, statutory, or regulatory argument without discussion is, after all, a decision no less "legal" in nature than a holding that rejects it following detailed analysis.

Therefore, we hold that a question otherwise permissible for our review under 38 U.S.C. § 7292 does not fail the jurisdictional

---

1. As will be discussed further below, 38 U.S.C. § 7266(a)(1) (Supp.1998) requires that notices of appeal to the Court of Veterans Appeals be postmarked within 120 days of the mailing of the Board's final decision.

test simply because it was ignored or silently rejected by the Court of Veterans Appeals. Linville raised his regulatory arguments to the Court of Veterans Appeals, which rejected them without comment. We have the authority to review that court's decision to do so.

## III

■ On the merits of the appeal, Linville asks this court to hold that his motion for reconsideration filed with the Board tolled the deadline for filing a notice of appeal with the Court of Veterans Appeals. *See* 38 U.S.C. § 7266(a)(1) (Supp.1998) (notices of appeal from a Board decision must be filed "within 120 days after the date on which notice of the decision is mailed"). In *Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991), the Court of Veterans Appeals held that if a motion for reconsideration is filed within 120 days of a final decision by the Board of Veterans' Appeals, "the finality of the initial [Board] decision is abated by that motion for reconsideration," and "[a] new 120–day period begins to run on the date on which the [Board] mails to the claimant notice of its denial of the motion for reconsider. . . ." Such action was necessary, the Court of Veterans Appeals reasoned, to harmonize the interpretation of 38 U.S.C. § 4066 (1988) (stating that a notice of appeal to the Court of Veterans appeals must be filed within 120 days of the date that the final Board of Veterans' Appeals decision is mailed) (recodified at 38 U.S.C. § 7266 (1994)) with the Supreme Court's holding in *ICC v. Brotherhood of Locomotive Engineers,* 482 U.S. 270, 284, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987), which established that a "timely petition for administrative reconsideration stay[s] the running of the [relevant] limitation period [for filing a petition for review with a court of appeals]." *See Rosler,* 1 Vet.App. at 244–45.

In this case, Linville argues that *Rosler* applies to make his January 10, 1997 notice of appeal timely, as it was filed within the 120–day period after the Board rejected his motion for reconsideration. *See id.* at 249. The Court of Veterans Appeals, however, rejected this contention, finding that Linville did not "timely" file his motion for reconsid-

eration with the Board, as required by *Rosler.* In making this conclusion, the Court of Veterans Appeals held that the "postmark" rule for determining filing dates in 38 U.S.C. § 7266(a)(3) ("A notice of appeal shall be deemed to be received by the Court [of Veterans Appeals] . . . [o]n the date of the United States Postal Service postmark stamped on the cover") "by the express terms of the statute is confined to [the Court of Veterans Appeals]." *See Linville,* 11 Vet.App. at 63. Thus, because Linville's motion for reconsideration was filed with the Board, the Court of Veterans Appeals found "nothing" that allowed the affixing of a United States Postal Service postmark to determine the filing date of such a paper. *Id.* at 63. Linville's appeal was thus dismissed as untimely filed. *See id.* at 64.

Linville argues to this court—as he did to the court below—that Department of Veterans Affairs' regulations governing the filing of documents with the Board of Veterans' Appeals expressly allow the postmark date as the filing date. Indeed, 38 C.F.R. § 20.305(a) (1998) ("Rule 305(a)") provides:

> *Acceptance of Postmark Date.* When these Rules require that any written document be filed within any specified period of time, a response postmarked prior to the expiration of the applicable time limit will be accepted as having been timely filed. In the event that the postmark is not of record, the postmark date will be presumed to be five days prior to the date of receipt of the document by the Department of Veterans Affairs.

Linville's motion for reconsideration was postmarked on June 19, 1996, 112 days after the mailing of the Board's final decision. Linville therefore argues that, if Rule 305(a) applies, his motion for reconsideration tolled the time limit for filing a notice of appeal, making his January 10, 1997, filing timely. *See Rosler,* 1 Vet.App. at 249.

The Secretary responds by correctly noting that Rule 305 appears to be limited to documents that have a required filing date. *See* 38 U.S.C. § 305(a). In this regard, 38 C.F.R. § 20.1001(b) (1998) ("Rule 1001(b)") states that "[a] motion for reconsideration of a prior Board of Veterans' Appeals decision

may be filed at any time." Because a motion for reconsideration may be filed "at any time," the Secretary argues that such a motion cannot meet the requirement of Rule 305(a) in order to obtain the benefit of its postmark rule.

The Secretary misunderstands the impact of *Rosler* and its progeny on the interpretation of Rules 1001(b) and 305(a). Linville's appeal was dismissed because—in the view of the Court of Veterans Appeals—his motion for reconsideration was filed late, "more than 120 days after the [Board's] final decision." *See Linville*, 11 Vet App. at 63. Thus, it simply cannot be said that all motions for reconsideration may be filed at any time: this case is a clear example of that. Instead, Rules 1001(b) and 305(a) must be read in light of the tolling provided by the filing of a motion for reconsideration "within a specified period of time," 38 C.F.R. § 305(a), namely, within 120 days of the Board's final decision. *See Rosler*, 1 Vet.App. at 249; *Paniag v. Gober*, 10 Vet.App. 359, 360 (1997) ("In order to toll the statutory period for filing an appeal, a claimant must file a motion for reconsideration with the [Board] within 120 days from the date of the mailing of the final [Board] decision."). It is therefore apparent that *Rosler* et al. compel an interpretation of Rule 1001(b) allowing that *some* motions for reconsideration—those tolling the time limit for filing an appeal to the Court of Veterans Appeals—must be filed within 120 days of the Board's final decision. Such filings are thus eligible for treatment under 38 C.F.R. § 20.305(a); if postmarked within 120 days of the Board's final decision, they toll the time limit for filing a notice of appeal to the Court of Veterans Appeals. *See Rosler*, 1 Vet.App. at 249.

We note that the construction of Rules 1001(b) and 305(a) advanced by the Secretary—and apparently adopted by the Court of Veterans Appeals in *Paniag*, 10 Vet.App. at 361—would arguably leave unfulfilled the promise of *Rosler*, and thus the Supreme Court's decision in *Locomotive Engineers*. The Secretary suggests that a motion for reconsideration tolling the time limit for a notice of appeal must be sent either far in advance of the deadline or "by other than ordinary mail," notwithstanding that this "solution" for filing documents has been rejected in this context by both Congress, *see* 38 U.S.C. § 7266(a)(3)(B) (Supp.1998) (establishing a postmark rule for filings with the Court of Veterans Appeals), and the Department of Veterans Affairs, *see* 38 C.F.R. § 305(a). In effect, the Secretary's position would erect obstacles to a claimant who wished to seek administrative reconsideration without risk of extinguishing appellate rights. *Cf. Rosler*, 1 Vet.App. at 245 (rejecting, as creating an "onerous burden," the Secretary's assertion that motions for reconsideration to the Board and notices of appeal to the Court of Veterans Appeals must both be filed within 120 days). An interpretation of Rules 1001(b) and 305(a) allowing the same filing procedures to be used as with all other time-critical document filings with the Board or the Court of Veterans Appeals best comports with *Rosler* and *Locomotive Engineers*.

Because Linville's motion for reconsideration was legibly postmarked within 120 days of the Board's final decision, "the finality of the initial [Board] decision [was] abated by that motion for reconsideration." *Rosler*, 1 Vet.App. at 249; 38 C.F.R. § 305(a). The January 10, 1997, Notice of Appeal to the Court of Veterans Appeals was therefore timely. *Rosler*, 1 Vet.App. at 249.

The Court of Veterans Appeals' dismissal of Mr. Linville's appeal was legally incorrect and is hereby reversed. The case is remanded to the Court of Veterans Appeals with instructions to reinstate the appeal.

*REVERSED AND REMANDED.*