Kenneth M. Carpenter was on the pleading for the appellant.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

**Gary F. LYNCH, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 95–1100.**

United States Court of Appeals for Veterans Claims.

May 21, 1999.

STEINBERG, Judge:

This matter is before the Court once again following action by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Lynch v. West,* 1998 WL 904735, No. 98–7039, 1998 U.S.App. LEXIS 33121 (Fed.Cir. Dec. 29, 1998) (*Lynch II* ), which vacated this Court's earlier opinion in *Lynch v. Gober,* 11 Vet.App. 22 (1997) (*Lynch I* ), and remanded the case to us for further consideration. In our opinion, we had, after oral argument on March 27, 1997, affirmed an October 19, 1995, Board of Veterans' Appeals (Board or BVA) decision that a Department of Veterans Affairs (VA) regional office (RO) decision dated July 14, 1983, had not contained clear and unmistakable error (CUE).

### I. Background

In *Lynch I,* the veteran had asserted that the VARO in 1983 had been in receipt of an April 1983 medical examination report under the doctrine of constructive notice set forth in *Bell v. Derwinski,* 2 Vet.App. 611, 613

(1992). As part of our opinion, we held as follows:

> [T]he appellant's contention that the RO had constructive notice of the April 1983 medical examination report at the time of its July 1983 decision is barred by the Court's decision in *Damrel* [*v. Brown*, 6 Vet.App. 242 (1994)], barring retroactive application of *Bell*, *supra*, as well as by the Court's [preceding] conclusions ... that the doctrine of constructive notice was not ensconced in VA law prior to or absent this Court's decision in *Bell*.

*Lynch I*, 11 Vet.App. at 29. The veteran then appealed to the Federal Circuit, where he "contend[ed] that the 1983 [medical] report should be considered 'on file' with [VA] not under *Bell*, but under 38 C.F.R. § 3.104(a) (1998)[,] and therefore [was] part of the record before the RO when it made its [1983] decision." *Lynch II*, 1998 WL 904735 at *2, 1998 U.S.App. LEXIS 33121, at *5 [hereinafter cited by reference to LEXIS star pagination number only].

Subsequently, on December 29, 1998, the Federal Circuit issued a decision in *Lynch II* that determined that, because that court's "jurisdiction is strictly limited to [U.S. Court of Appeals for Veterans Claims] decisions made 'with respect to the validity of any statute or regulation ... or any interpretation thereof'", it could not assume jurisdiction over the 38 C.F.R. § 3.104(a)-based arguments if this Court had not "relied on" that regulation in our decision in *Lynch I*. *Lynch II*, at *2, 1998 U.S.App. LEXIS 33121 at *6 (citing 38 U.S.C. § 7292(a)) (review may be had in Federal Circuit of decision of this Court "with respect to ... any interpretation [of statute or regulation] ... that was relied on by [this Court] in making the decision"). The Federal Circuit then ruled as follows: "Because we cannot confidently determine whether we have jurisdiction, we seek clarification from the [Court of Appeals for Veterans Claims] as to whether it relied on an interpretation of [38 C.F.R. § ]3.104 in coming to its conclusion." *Lynch II*, at *3, 1998 U.S.App. LEXIS 33121 at *9.

On April 1, 1999, we issued a show-cause order to the appellant and in it this Court answered the Federal Circuit's question by stating definitively that 38 C.F.R. § 3.104(a) "did not, either implicitly or explicitly, enter into the original analysis set forth in *Lynch I*." *Lynch v. West*, 12 Vet.App. 293, 293–94 (1999) (per curiam order) (*Lynch III*).

As to the Federal Circuit's suggestion "to allow supplemental briefing to address the issue of the proper interpretation of [38 C.F.R. § ] 3.104", *Lynch II*, at *3, 1998 U.S.App. LEXIS 33121 at *7, we note here, as we did in *Lynch III*, *supra*, that both this Court and the Federal Circuit have repeatedly discouraged appellants from raising arguments to this Court that have not been presented to the BVA and/or that were not argued in the appellant's initial brief to this Court. *See, e.g., Carbino v. West*, 168 F.3d 32, 34 (Fed.Cir.1999) (*Carbino II*) ("improper or late presentation of an issue or argument [i.e., raised in the reply brief for the first time] ... ordinarily should not be considered") *aff'g Carbino v. Gober*, 10 Vet.App. 507, 511 (1997) (*Carbino I*) (declining to review argument first raised in appellant's reply brief); *Ledford v. West*, 136 F.3d 776, 781 (Fed.Cir.1998) (stressing importance of raising arguments to BVA pursuant to "doctrine of exhaustion of administrative remedies"); *Savage v. Gober*, 10 Vet.App. 488, 498 (1997) (Court declines to review matter first raised by amicus curiae subsequent to appellant's motion for panel review); *Horowitz v. Brown*, 5 Vet.App. 217, 225 (1993) (holding that because veteran had never before submitted "due process" issue to BVA he had not exhausted his administrative remedies, and Court declined to address merits of that claim); *Tubianosa v. Derwinski*, 3 Vet.App. 181, 184 (1992) (appellant "should have developed and presented *all* of his arguments in his initial pleading"); *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990) ("Advancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation."), *aff'd*, 972 F.2d 331 (Fed.Cir. 1992); *cf. Ford v. Gober*, 10 Vet.App. 531, 535–36 (1997) (Court considers appellant to have abandoned claims properly appealed to this Court when appellant fails to "ad-

dress[ those claims] in his formal pleadings"). *But cf. Patton v. West,* 12 Vet.App. 272, 283 (1999) ("Court believes that substantial interests of justice dictate that the Court require the Secretary to adhere to his own regulatory provisions," even though appellant had not raised to Court the Secretary's failure to do so); *but see id.* at 284 (Holdaway, J., dissenting).

Moreover, we stress here, as we did in *Lynch III,* that the appellant failed to raise his § 3.104(a)-based argument to the BVA in 1995, to this Court on direct appeal from that 1995 BVA decision, in the supplemental briefing that this Court had afforded the appellant in *Lynch I,* or in a motion for reconsideration by this Court subsequent to *Lynch I,* or to avail himself at any time of a supplemental-authority filing under Rule 28(g) of the Court's Rules of Practice and Procedure as to his 38 C.F.R. § 3.104–based argument. *See Lynch III,* 12 Vet.App. at 294 (citing, inter alia, U.S. VET.APP. R. 28(g) ("[when pertinent and significant authorities come to the attention of a party after the party's brief has been filed or after oral argument but before the decision, a party shall promptly advise the Clerk, by letter, with a copy to all other parties, setting forth the citations]")). Hence, on April 1, 1999, we ordered the appellant to show cause why the Court should make an exception in this case to allow supplemental briefing regarding 38 C.F.R. § 3.104(a) at this late stage in the proceedings. *See Lynch III,* 12 Vet.App. at 294–95.

## II. Discussion

On April 26, the appellant responded to this Court's order and attempts "to show cause why supplemental briefing regarding 38 C.F.R. § 3.104(a) is required." Response at 1. The appellant's primary argument is that by quoting in *Lynch III* that portion of *Bell, supra,* which had stated that "the doctrine of constructive notice was not ensconced in VA law prior to or absent this Court's decision in *Bell* ", this Court has "implicitly held and interpreted that § 3.104(a) did not implicate the doctrine of constructive notice." Response at 2–3. We disagree. Neither *Bell* nor *Lynch I* cited to

§ 3.104(a) and *Lynch III* explicitly states that that regulation "did not, either implicitly or explicitly, enter into the original analysis set forth in *Lynch I* ", *Lynch III,* 12 Vet.App. at 293. (In fact, *Bell* did not cite to *any* VA regulations. *Bell,* 2 Vet.App. at 611–13.) We reiterate today that our opinion rejecting the appellant's contention regarding constructive receipt in *Lynch I* did not in any manner consider or rely on § 3.104(a), a matter not raised by either party there.

As to the appellant's contention about our having somehow implicitly rejected in *Lynch I* his contention regarding § 3.104(a) and constructive receipt, *Lynch III* and this opinion definitively put that notion to rest. That being so, as we suggested in *Lynch III,* 12 Vet.App. at 294–95, the appellant would not be precluded by res judicata from bringing a CUE claim premised on an assertion of constructive receipt derived from 38 C.F.R. § 3.104(a), because neither an RO, the Board, nor this Court has addressed any such theory for a CUE claim. *See Link v. West,* 12 Vet.App. 39, 44 (1998) (principle of res judicata applies to final decision on issue of CUE and " 'that particular claim of [CUE] may not be raised again' " (citing *Russell v. Principi,* 3 Vet.App. 310, 315 (1992) (en banc))); *Norris v. West,* 11 Vet.App. 219, 224 (1998) (" '[o]nce there is a final decision *on a particular claim* of CUE, *that particular claim* of CUE may not be raised again; it is res judicata' " (quoting *Olson v. Brown,* 5 Vet.App. 430, 433 (1993))).

The appellant also argues that the Federal Circuit in *Lynch II* had **required** that we now consider § 3.104(a). Response at 2. Again, we disagree. We read the Federal Circuit's words in *Lynch II* as expressing doubts as to its own jurisdiction and therefore seeking clarification from this Court as to the grounds for its decision. In the course of doing so, the Federal Circuit also gave this Court an "opportunity" (Response at 2) to consider § 3.104(a) at this stage of the proceedings if we believed it prudent and appropriate to do so. We do not. Rather, we follow the opinion of the Federal Circuit in *Carbino II, supra,* in which that court not only sustained the exercise of discretion by this Court under Rule 28(a)(3) of this Court's Rules of Practice and Procedure not to con-

sider an issue first raised by an appellant in a reply brief, but also concluded as follows: "In view of the statutory language of [38 U.S.C. § ] 7261 requiring legal issues to be decided by [this Court] 'when presented' and the compelling precedent that appellate courts should not consider an issue or argument raised for the first time in a reply brief," this Court had "properly declined to consider ... [the] untimely contentions" and that such late-raised arguments "ordinarily should not be considered". *Carbino II,* 168 F.3d at 34.

We also disagree with the appellant's argument that the opinion of "the Federal Circuit in *Linville v. West,* 165 F.3d 1382 (Fed.Cir. 1999), is controlling". Response at 7. The appellant has failed to consider a critical factual distinction between the instant case and *Linville.* In *Linville,* "a review of the record indicate[d] that Linville's statutory and regulatory arguments made [to the Federal Circuit] were also thoroughly presented to" this Court. *Linville,* 165 F.3d at 1384. Hence, the legal question at issue in *Linville* had been whether "legal arguments made to th[is] Court ... become unreviewable if those arguments are ignored or rejected sub silentio by th[is] Court". *Ibid.* Again, in the instant case the appellant had not raised the § 3.104(a) argument to the Board or initially to this Court (at any stage of the *Lynch I* proceedings). Thus, this Court in *Lynch I* did not ignore or reject sub silentio arguments that had been presented to it on appeal, and the Federal Circuit's opinion in *Linville* is inapposite to the present case. Rather, as noted above, we find applicable the Federal Circuit's precedents in *Carbino II* and *Ledford,* both *supra,* concerning late-presented arguments.

### III. Conclusion

Accordingly, in view of the foregoing discussion, the Court concludes as follows after having considered the appellant's April 26, 1999, response and the Federal Circuit's remand decision in *Lynch II:* At no point during our consideration of the appeal in this Court prior to *Lynch II* was the relevance of 38 C.F.R. § 3.104(a) raised by either party or considered or relied on in any manner by this Court sua sponte. In view thereof, we hold that the appellant has not overcome the weighty prudential concerns about finality and the need to discourage piecemeal litigation that are so tellingly represented in the caselaw of the Federal Circuit and this Court, set forth above; hence, we reject the appellant's attempt to inject into this case new arguments never raised or even hinted at during the Court's initial consideration of his appeal. *See Carbino II, Ledford, Carbino I, Savage, Horowitz, Tubianosa,* and *Fugere,* all *supra.* Consequently, we reinstate our original opinion in *Lynch I,* which the Federal Circuit has vacated in *Lynch II,* at *3, 1998 U.S.App. LEXIS 33121 at *7, and that original opinion is incorporated into this opinion as though set forth verbatim here. The Court again affirms the October 19, 1995, BVA decision here on appeal.

AFFIRMED.