**Eddie A. CURTIS, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 99–752.

United States Court of Appeals for Veterans Claims.

Oct. 15, 1999.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Judges.

**ORDER**

PER CURIAM:

On May 7, 1999, the Court received the pro se appellant's Notice of Appeal (NOA)

from what the appellant characterized as a January 8, 1999, Board of Veterans' Appeals (Board or BVA) decision. On May 18, 1999, in accordance with Rule 4(c) of this Court's Rules of Practice and Procedure (Rules), the Secretary transmitted to the Court a copy of a December 12, 1997, Board decision and a January 8, 1999, letter from BVA Vice Chairman Richard Standefer to the appellant. *See* U.S. VET. APP. R. 4(c) ("[w]ithin 30 days after the date of the Clerk's Notice of Docketing, the Secretary shall file and serve a copy of the Board's decision, showing the date the decision was mailed, and shall report the filing date of any motion for its reconsideration and the date and nature of any action on such a motion"). Mr. Standefer's letter indicated that the appellant had filed with the Board on April 15, 1998, a motion for BVA reconsideration; that that motion was denied in part and also construed by the Board in part "as a request for revision of a prior BVA decision on the grounds of [clear and unmistakable error (CUE) ]"; and that the Board would defer the appellant's request as to CUE until "regulations have been finalized" to implement Pub.L. No. 105–111, 111 Stat. 2271 (Nov. 21, 1997).

On July 23, 1999, the appellant moved to stay proceedings in this Court pending the Board's action on his deferred CUE claim. On August 13, 1999, the Court ordered the appellant's motion for a stay of proceedings held in abeyance and ordered the Secretary to file a photocopy of the envelope in which the appellant's motion for BVA reconsideration had been filed, in order to determine whether this appeal should be dismissed for lack of jurisdiction. On August 23, 1999, the Secretary produced a photocopy of that envelope, which indicated that the appellant's motion for BVA reconsideration had been postmarked on April 11, 1998.

■ The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Bethea v.*

*Derwinski,* 2 Vet.App. 252, 255 (1992). To have been timely filed under 38 U.S.C. § 7266(a) and Rule 4, an NOA must generally have been received by the Court (or, in certain circumstances, deemed so received) within 120 days after notice of the underlying final BVA decision was mailed to an appellant. *See Butler v. Derwinski,* 960 F.2d 139, 140–41 (Fed.Cir.1992), *overruled in part by Bailey v. West,* 160 F.3d 1360, 1368 (Fed.Cir.1998) (en banc). *But see Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Bailey,* 160 F.3d at 1365; *Evans (Billy) v. West,* 12 Vet.App. 396, 399 (1999) (citing cases regarding equitable tolling of NOA-filing period under certain circumstances).

■ However, under *Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991), a motion for reconsideration filed with the Board within the 120–day judicial-appeal period will "toll the time limit for filing a[n NOA] to the Court." *Linville v. West,* 165 F.3d 1382, 1386 (Fed.Cir.1999) (expressly adopting *Rosler, supra* ). As this Court held in *Rosler,* "if ... the claimant, ... — before filing an NOA with this Court—files a motion for reconsideration with the BVA during the 120–day judicial appeal period, the finality of the initial BVA decision is abated by that motion for reconsideration ... [and a] new 120–day period begins to run on the date on which the BVA mails to the claimant notice of its denial of the motion to reconsider". *Rosler, supra.* The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) then held in *Linville* that 38 C.F.R. § 20.305(a) (1998), which establishes a postmark rule for the date of Department of Veterans Affairs (VA) receipt of certain written documents (including a presumption that the postmark date was "five days prior to the date of receipt of the document by" VA if "the postmark is not of record"), must be applied to the filing of a motion for reconsideration with the BVA. *Linville,* 165 F.3d at 1385–86, *reversing Linville v. West,* 11 Vet.App. 60 (1998 (en banc)) (holding that

NOA that was received after 120–day NOA period but that was postmarked within that period did not toll NOA period).

■ In view of the foregoing, because the appellant's motion for BVA reconsideration was postmarked exactly 120 days after the date of the Board decision (which is the presumed date of the mailing of notice of that decision, *cf. Rosler v. Derwinski,* 1 Vet.App. 241, 242 (1991)) (prior to August 31, 1990, mailing of notice of BVA decision was considered to have occurred on day *after* date shown on decision as date of decision), and because the appellant's May 7, 1999, NOA was received by the Court on the 119th day after the January 8, 1999, BVA Vice Chairman's denial of the appellant's motion for reconsideration, the Court holds, pursuant to *Linville* and *Rosler,* both *supra,* that the appellant's NOA was timely filed under 38 U.S.C. § 7266(a), this Court's Rule 4, and 38 C.F.R. § 20.305(a) as construed by the Federal Circuit in *Linville.* Hence, the Court holds that it does have jurisdiction over the appeal of the December 12, 1997, BVA decision.

■ The appellant requests that we "stop proceedings until the [BVA has] made a decision pertaining to [his] case." July 23, 1999, Motion at 1. The Court notes that apparently the only BVA decision in this case is the December 1997 BVA decision here on appeal and that the finality of that decision is a prerequisite to review of that decision for CUE. *See* 38 U.S.C. § 5109A; 38 C.F.R. § 3.105(a) (1998); *see also Norris v. West,* 12 Vet.App. 413, 422 (1999) (citing *Link v. West,* 12 Vet.App. 39, 44 (1998) (noting that CUE claim is as to "prior *final* RO decision" (emphasis added))). Because the December 1997 BVA decision cannot be reviewed by the Board for CUE until that decision is final, if the Court were to grant the requested stay of proceedings the stayed appeal of the December 1997 BVA decision would render that BVA decision nonfinal and the Board would thus be unable to review that De-

cember 1997 BVA decision for CUE. Under those circumstances, the BVA would be unable to review for CUE due to the pending appeal to this Court but proceedings here would be stayed pending review by the Board, thereby creating a "Catch–22" situation. Hence, the Court can find no reason not to proceed with the current appeal.

The Court notes that normally, under *In re Panel Referrals in Pro Se Cases,* 12 Vet.App. 316 (1999) (en banc order), the Court would not make a precedential disposition in a case involving an unrepresented appellant without first issuing an order staying the case for 30 days in order to permit the pro se appellant to obtain representation. The Court does not deem that process necessary in this case because the Court has herein found in favor of the appellant on the jurisdictional question, as *Linville* requires, and because the Secretary has had a full opportunity to file whatever pleading he may have wished to on the jurisdictional question.

On consideration of the foregoing, it is

ORDERED that the appellant's motion to stay proceedings pending the Board's action on his deferred CUE claim is denied. It is further

ORDERED that, not later than 14 days after the date of this order, the Secretary file the designation of the record with respect to the appeal of the Board's December 12, 1997, decision. The case is returned to the screening judge for proceedings in accordance with the Court's usual practices.