# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1443

CECIL GATES, APPELLANT,

v.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KASOLD, MOORMAN, and SCHOELEN, *Judges*.

## O R D E R

On July 25, 2003, Cecil Gates appealed through counsel a July 14, 2003, decision of the Board of Veterans' Appeals (Board) that determined that there was no clear and unmistakable error (CUE) in a November 19, 2002, Board decision. In an unopposed motion to dismiss, the Secretary notes that on January 7, 2003, Mr. Gates filed a motion for reconsideration as to the November 2002 Board decision, which the Board Chairman has yet to act upon, and on January 23, 2003, filed a second motion for reconsideration as to the same Board decision, which the Board Chairman denied on April 2, 2003. The Secretary argues that the November 2002 Board decision was not final when the July 2003 Board rendered its decision and that the July 2003 Board decision should be vacated. The Court agrees. A CUE claim cannot lie as to a Board decision that is still open to direct review. *See May v. Nicholson*, 19 Vet.App. 310, 320 (2005).

Moreover, to the extent that Mr. Gates argues that a January 10, 2003, letter to the Court constituted a Notice of Appeal (NOA) of the November 2002 Board decision, the Court notes that it does not have jurisdiction over that decision because of the outstanding motion for reconsideration. *See Linville v. West*, 165 F.3d 1382, 1386 (Fed. Cir. 1999) (adopting *Rosler v. Derwinski*, 1 Vet.App. 241 (1991)). Inasmuch as the outstanding motion for reconsideration was filed within 120 days of the November 2002 Board decision, in the event that the Board Chairman denies the outstanding motion for reconsideration, Mr. Gates will have 120 days after that Board Chairman's decision to file an NOA. *See Linville*, *supra*; *see also Losh v. Brown*, 6 Vet.App. 87, 90 (1993).

Upon consideration of the foregoing it is

ORDERED that the July 14, 2003, Board decision denying the CUE claim is VACATED. It is further

ORDERED that the Secretary's motion to dismiss for lack of jurisdiction is granted and the appeal of the November 19, 2002, Board decision is DISMISSED.

DATED:     December 2, 2005              PER CURIAM.