NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-7022

ATILANA Y. TAMPOC,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: November 6, 2006

_____

Before LOURIE, SCHALL, and DYK, Circuit Judges.

PER CURIAM.

## DECISION

Atilana Y. Tampoc appeals from the judgment of the United States Court of Appeals for Veterans Claims (the "Veterans Court") dismissing her appeal for lack of jurisdiction based on her allegedly untimely filing.  Tampoc v. Nicholson, No. 04-2023 (Vet. App. Sept. 23, 2005) ("Judgment").  Because the Veterans Court erred in holding that 38 C.F.R. § 20.305(a) ("Rule 305(a)") did not apply to Tampoc's motion for reconsideration, we vacate and remand.

BACKGROUND

The facts are not disputed. Tampoc, a veteran, was denied benefits by the Board of Appeals for Veterans' Claims (the "Board") on February 18, 2004. Tampoc v. Nicholson, No. 04-2023, slip op. at 1 (Vet. App. May 5, 2005) ("Decision"). Tampoc then filed a motion for reconsideration that was postmarked by the Philippine Postal Corporation on June 11, 2004, within 120 days of the Board's decision. Id. The Board received that motion for reconsideration on July 14, 2004, more than 120 days after the Board's decision. Id.

The Board denied Tampoc's motion for reconsideration of its February 18, 2004, decision, and she appealed to the Veterans Court. Id. On May 5, 2005, the Veterans Court held that Tampoc's appeal was untimely filed, and dismissed the appeal for lack of jurisdiction. Id. The court first noted that 38 C.F.R. § 20.305(a), which provides that a response postmarked prior to the expiration of the applicable time limit will be accepted as timely filed, "applies only in instances where the Board has set a deadline for filing." Id., slip op. at 2. The court then reasoned that because "a request for reconsideration may be filed at any time," the postmark provisions of 38 C.F.R. § 20.305(a) did not apply to Tampoc's motion for reconsideration. Id.

Tampoc timely appealed the Veterans Court's dismissal on jurisdictional grounds to this court, and we have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

We have limited jurisdiction to review a decision of the Veterans Court. We cannot, absent a constitutional issue, review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. §

7292(d)(2) (2000). We may, however, review the validity of "a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a) (2000). Such legal determinations of the Veterans Court are reviewed without deference. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991). Here, whether Rule 305(a) applies to Tampoc's motion for reconsideration is a question of law.

On appeal, Tampoc argues, and the government concedes, that the Veterans Court erred in dismissing Tampoc's appeal for lack of jurisdiction. Tampoc and the government, relying on Linville v. West, 165 F.3d 1382 (Fed. Cir. 1999), agree that Tampoc's motion for reconsideration was timely filed because it was postmarked within 120 days of the Board's final decision.

We agree with Tampoc and the government that the Veterans Court erred in dismissing Tampoc's appeal for lack of jurisdiction. The issue here is whether Rule 305(a) applies to Tampoc's motion for reconsideration. Rule 305(a) reads as follows:

> Acceptance of postmark date. When these Rules require that any written document be filed within any specified period of time, a response postmarked prior to the expiration of the applicable time limit will be accepted as having been timely filed. In the event that the postmark is not of record, the postmark date will be presumed to be five days prior to the date of receipt of the document by the Department of Veterans Affairs.

Notably, Rule 305(a) is limited to documents that have a required filing date. The Veterans Court thus relied on 38 C.F.R. § 20.1001(b), which states that "[a] motion for reconsideration of a prior Board of Veterans' Appeals decision may be filed at any time," to hold that "the provisions of [Rule 305(a)] are not applicable in this instance." Decision, slip op. at 2.

We disagree with the Veterans Court. 38 U.S.C. § 7266(a) provides that "[i]n

order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed." We have held that a motion for reconsideration that is filed with the Board before the expiration of the 120 days tolls the finality of the Board's decision and the running of the appeal period, which begins anew when the Board resolves the motion. Linville, 165 F.3d at 1386. Moreover, we have stated that:

> It simply cannot be said that all motions for reconsideration may be filed at any time. . . . [S]ome motions for reconsideration - those tolling the time limit for filing an appeal to the Court of Veterans Appeals - must be filed within 120 days of the Board's final decision. Such filings are thus eligible for treatment under 38 C.F.R. § 20.305(a); if postmarked within 120 days of the Board's final decision, they toll the time limit for filing a notice of appeal to the Court of Veterans Appeals.

Id. (citations omitted).

That analysis is controlling here. Tampoc's motion for reconsideration tolled the running of the appeal period and was required to be postmarked within 120 days of the Board's decision. Rule 305(a) therefore applies to her case. Because Tampoc filed a motion for reconsideration that was postmarked within 120 days of the Board's decision, and because the language of Rule 305(a) does not limit the term "postmark" to domestic postmarks, we conclude that Tampoc's motion for reconsideration was timely filed. We therefore vacate the decision of the Veterans Court dismissing her appeal for lack of jurisdiction and remand the case for further consideration on the merits.