NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HENRY D. COMBS,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2013-7008

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-0356, Judge Kenneth B. Kramer.

---

Decided: May 8, 2013

---

HENRY D. COMBS, of Fenton, Missouri, pro se.

DAVID D'ALESSANDRIS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant

Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and CHRISTINA L. GREGG, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before RADER, *Chief Judge,* REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Henry D. Combs seeks review of an order of the Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal for lack of jurisdiction based on a pending motion to reconsider before the Board of Veterans' Appeals ("Board") that rendered the Board's decision non-final. Because we discern no statutory or constitutional issues in this case, we conclude that we lack jurisdiction and must dismiss Combs' appeal.

## BACKGROUND

On September 2, 2010, the Board upheld a rating decision of the Department of Veterans Affairs Regional Office denying Combs' service-connection claims for a bilateral hearing loss disability and for tinnitus. Combs timely filed a motion to reconsider the Board's decision. It appears from the record that the Board has not yet acted on the motion to reconsider.

On January 25, 2012, Combs filed a notice of appeal with the Veterans Court. The Veterans Court issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction. Although the record contains neither the order nor the response, it appears from the Veterans Court's decision that Combs' response did not address the court's concern that the pending motion to reconsider rendered the Board's decision non-final, depriving the Veterans Court of jurisdiction. The Veterans

Court therefore dismissed the case, and this appeal followed.

## DISCUSSION

We have jurisdiction to review the validity of a decision of the Veterans Court to decide "any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a constitutional issue, this court may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. 38 U.S.C. § 7292(d)(2).

A notice of appeal must be filed within 120 days of entry of final judgment. 38 U.S.C. § 7266(a). When a motion to reconsider is filed within that period, however, the finality of the initial Board decision is abated. *Linville v. West*, 165 F.3d 1382, 1386 (Fed. Cir. 1999) (citing *Rosler v. Derwinski*, 1 Vet. App. 241, 249 (1991)). If the motion to reconsider is denied, a new 120-day period begins for filing the notice of appeal. *See id.*

In his informal brief, Combs focuses on problems he sees with the Board's underlying decision. We certainly appreciate Combs' desire to obtain a timely resolution to the merits of his case. But the Board's decision does not fall within the ambit of our review.

Our jurisdiction does not extend to the issue raised by Mr. Combs. *See* 38 U.S.C. § 7292(a),(c). In dismissing this appeal, the Veterans Court relied solely on the pending, timely motion to reconsider before the Board. Combs identifies no statutory or constitutional problems with this decision, and we see none. We therefore have no jurisdiction over this appeal. As the Veterans Court noted, Combs may appeal the Board's decision if necessary once the Board has acted on his motion to reconsider.

# DISMISSED

## Costs

No Costs.