NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SUELY RAMIREZ, FKA SUELY RAMIREZ-DIAZ,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1002

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-3162, Senior Judge Robert N. Davis.

---

Decided:  March 3, 2020

---

SUELY RAMIREZ, New York, NY, pro se.

ASHLEY AKERS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JOSEPH H. HUNT, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

Suely Ramirez appeals from an order of the Court of Appeals for Veterans Claims ("the Veterans Court") dismissing her appeal from a decision of the Board of Veterans' Appeals ("the Board") denying her claim of entitlement to Dependents' Educational Assistance for lack of jurisdiction. *See Ramirez-Diaz v. Wilkie*, No. 18-3162, 2019 WL 982884 (Vet. App. March 1, 2019) ("*Decision*"). Because this appeal presents no statutory or constitutional issues, we conclude that we lack jurisdiction and accordingly *dismiss* the appeal.

## BACKGROUND

Suely Ramirez is the daughter of Luis Ramirez, a veteran who served in the Marine Corps from 1969 to 1970. Luis Ramirez died in 2002, and thereafter Suely Ramirez requested Dependents' Educational Assistance under Chapter 35 of Title 38 of the U.S. Code. The Board denied her claim on July 28, 2017, and Ramirez filed a motion for reconsideration by the Board on November 11, 2017.

On June 18, 2018, prior to a ruling by the Board on her motion for reconsideration, Ramirez appealed the Board's decision to the Veterans Court. The court observed that under its precedent the finality of a Board decision is abated when a veteran files a motion for reconsideration within 120 days of the Board's decision. *Decision* at *1 (citing *Rosler v. Derwinski*, 1 Vet. App. 241 (1991)). The court determined that it lacked jurisdiction over the appeal because the Board decision was not yet final due to Ramirez's pending motion for reconsideration and dismissed the appeal. *Id.* The court also noted that Ramirez may appeal the underlying Board decision by filing a new notice of

appeal within 120 days of the Board's decision on her motion for reconsideration.

Ramirez timely appealed the Veterans Court's dismissal of her appeal as premature.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may review the validity of a decision of the Veterans Court with respect to a rule of law or interpretation of a statute or regulation relied on by the Veterans Court in its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a particular case. *Id.* § 7292(d)(2). In considering whether an appeal falls within our jurisdiction, we look to the substance of the issues presented rather than a party's characterization of the question. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

The Veterans Court has exclusive jurisdiction to review decisions of the Board. 38 U.S.C. § 7252(a). To obtain review of a decision of the Board, a notice of appeal must be filed at the Veterans Court within 120 days of mailing of the Board's decision. 38 U.S.C. § 7266(a). Instead of immediately seeking review of a Board decision by the Veterans Court, a claimant may request reconsideration by the Board. *See* 38 C.F.R. § 20.1001. When a motion for reconsideration is filed within 120 days of the mailing date of a Board decision, the period for filing a notice of appeal is tolled and the finality of the Board's decision is abated until the motion is decided. *See Linville v. West*, 165 F.3d 1382, 1385–86 (Fed. Cir. 1999) (citing *Rosler*, 1 Vet. App. 241). If the motion for reconsideration is denied, a new 120-day period for filing a notice of appeal begins. *Id.* at 1385.

On appeal, Ramirez primarily argues the merits of the underlying Board decision and does not appear to address

the issue of the Veterans Court's jurisdiction. The government argues that this court lacks jurisdiction to review the Veterans Court's decision because it was limited to the issue of the Veterans Court's jurisdiction and did not address any statute, regulation, or constitutional issue.

We agree with the government that we lack jurisdiction to review the Veterans Court's decision that the appeal was premature. The court's decision did not address the validity or interpretation of any statute or regulation or any constitutional issue. Rather, in dismissing Ramirez's appeal, the court merely applied established law concerning the procedures for timely filing a notice of appeal to Ramirez's pending motion for reconsideration before the Board. Specifically, the court determined that the motion for reconsideration was timely filed within 120 days of the Board's decision and had not been decided, and therefore the Board's decision was not final and could not yet be reviewed.

Although Ramirez challenges the merits of the Board's decision, those arguments are beyond our jurisdiction because the decision of the Veterans Court presently on appeal was limited to jurisdictional issues. As noted by the Veterans Court, Ramirez can appeal the merits of the Board's decision if her motion for reconsideration is denied by the Board.

## CONCLUSION

We have considered Ramirez's remaining arguments but find them unpersuasive. For the foregoing reasons, we *dismiss* the appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.