NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARREN L. DEFLANDERS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1074

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-2263, Judge Grant Jaquith.

---

Decided:  July 16, 2024

---

DARREN L. DEFLANDERS, Ocean Spring, MS, pro se.

KYLE SHANE BECKRICH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, CUNNINGHAM, *Circuit Judge*, and MAZZANT, *District Judge*.[1]

PER CURIAM.

Darren L. DeFlanders appeals a decision from the United States Court of Appeals for Veterans Claims (Veterans Court) dismissing his appeal for lack of jurisdiction. We *affirm-in-part* and *dismiss-in-part*.

## BACKGROUND

Mr. DeFlanders served in the United States Army from August 1989 until June 1996. S. Appx. 7.[2] On February 6, 2023, the Board of Veterans' Appeals (Board) issued a decision granting some of Mr. DeFlanders' claims and denying others. S. Appx. 5–21. On February 16, 2023, Mr. DeFlanders filed a motion for reconsideration of the Board decision. S. Appx. 24. On April 13, 2023, Mr. DeFlanders filed a notice of appeal with the Veterans Court contesting the Board's February 6 decision. S. Appx. 1.

The Secretary of Veterans Affairs moved to dismiss Mr. DeFlanders' appeal. The Veterans Court granted the motion and dismissed the appeal for lack of jurisdiction. S. Appx. 1–2. Mr. DeFlanders appeals.

## DISCUSSION

We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Whether the Veterans Court lacks

---

[1] Honorable Amos L. Mazzant, III, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

[2] "S. Appx." refers to the Supplemental Appendix attached to Respondent's Informal Brief.

jurisdiction is an issue of statutory construction, *see* 38 U.S.C. § 7252, which we review de novo. *Howard v. Gober*, 220 F.3d 1341, 1343 (Fed. Cir. 2000). Absent a constitutional issue, we may not review challenges to factual findings or to the application of a law or regulation to facts. 38 U.S.C. § 7292(d)(2). The Veterans Court has jurisdiction to review "decisions" of the Board. 38 U.S.C. § 7252(a). This jurisdiction is limited to final decisions that are adverse to the claimant. 38 U.S.C. § 7266(a). If the Board has not rendered a decision on a claim, that claim is outside of the Veterans Court's jurisdiction. *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998).

To appeal a Board decision, a claimant must file a notice of appeal with the Veterans Court within 120 days of entry of the Board's final judgment. 38 U.S.C. § 7266(a). When a motion for reconsideration is filed within that period, the Board decision is no longer final. *Linville v. West*, 165 F.3d 1382, 1386 (Fed. Cir. 1999). If the motion for reconsideration is denied, a new 120-day period begins for a claimant to file a notice of appeal. *See id.*

Mr. DeFlanders argues the Veterans Court wrongly dismissed his appeal. Informal Br. of Appellant 1. The Veterans Court dismissed Mr. DeFlanders' appeal for lack of jurisdiction because his pending motion for reconsideration rendered the Board decision non-final. S. Appx. 1–2. Mr. DeFlanders' motion for reconsideration tolls the time limit for filing an appeal to the Veterans Court. *Linville*, 165 F.3d at 1386. Until the Board renders a decision on Mr. DeFlanders' motion for reconsideration, the Veterans Court does not have a final Board decision to review. *See* 38 U.S.C. § 7266(a). The Veterans Court's dismissal for lack of jurisdiction was therefore proper.

Mr. DeFlanders' remaining arguments are outside our jurisdiction. To the extent Mr. DeFlanders contests the merits of the Board's February 6 decision, it is outside the scope of our review. We may not review challenges to factual findings or to the application of a law or regulation to facts. *See* 38 U.S.C. § 7292(d)(2). Mr. DeFlanders states

the Veterans Court decision raises a constitutional issue, but his argument relates to the Veterans Court's application of its jurisdictional statute. Informal Br. of Appellant 1. Mr. DeFlanders' mention of due process does not suffice to raise a constitutional issue within our jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[The appellant's] characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack."). We therefore dismiss Mr. DeFlanders' other claims.

As the Veterans Court explained, this appeal does not exhaust Mr. DeFlanders' opportunities for review of the Board's February 6 decision. If Mr. DeFlanders' motion for reconsideration is denied, he can appeal the denial in connection with the underlying Board decision by filing a new notice of appeal with the Veterans Court within 120 days of the denial.[3] *See Mayer v. Brown*, 37 F.3d 618, 620 (Fed. Cir. 1994).

### CONCLUSION

We have considered Mr. DeFlanders' remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Veterans Court's dismissal for lack of jurisdiction and dismiss the appeal as to the other issues.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

### COSTS

No costs.

---

[3] Mr. DeFlanders can check the status of his motion for reconsideration at https://www.va.gov/claim-or-appeal-status/.