NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JIMMIE HARVEY, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1423

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-6927, Judge Amanda L. Meredith.

---

Decided: January 8, 2025

---

JIMMIE HARVEY, JR., Auburn, WA, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY; MATTHEW ALBANESE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, STOLL, *Circuit Judge*, and GILSTRAP, *Chief District Judge*.[1]

PER CURIAM.

Veteran Jimmie Harvey, Jr. appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming in part, vacating in part, and remanding his action to the Board of Veterans' Appeals ("Board"). Because the sole claim Mr. Harvey raises on appeal was not at issue before the Veterans Court in this case, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Harvey served in the United States Army from May 1974 to March 1975. Mr. Harvey has sought benefits for various conditions from the United States Department of Veterans Affairs ("VA"). The instant appeal is from the Veterans Court's November 30, 2023 decision. In that decision, the Veterans Court affirmed the Board's denial of entitlement to disability compensation for hypertension, hepatitis C, a skin condition, a seizure disorder, and a dental condition, but vacated the Board's denial of a compensable rating for right foot plantar warts and remanded for further proceedings.

Mr. Harvey now appeals, arguing service connection should be granted for herpes. But Mr. Harvey's herpes claim was not part of the Veterans Court's November 2023 decision now on appeal. Rather, Mr. Harvey's herpes claim was at issue in a separate appeal, which the Veterans

---

[1] Honorable Rodney Gilstrap, Chief Judge, United States District Court for the Eastern District of Texas, sitting by designation.

Court remanded in a separate August 2022 decision for further development.

## DISCUSSION

"This court's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have held that 38 U.S.C. § 7292 is a jurisdictional bar to our consideration of a legal issue or argument on appeal absent at least one of two conditions: (1) the Veterans Court addressed the issue or argument, or (2) the issue or argument was raised by a party to the Veterans Court. *Belcher v. West*, 214 F.3d 1335, 1337 (Fed. Cir. 2000); *Smith v. West*, 214 F.3d 1331, 1333–34 (Fed. Cir. 2000); *Linville v. West*, 165 F.3d 1382, 1384–85 (Fed. Cir. 1999). Neither of these conditions occurred here.

The merits of Mr. Harvey's herpes claim were not at issue before the Veterans Court in the November 2023 decision that is now on appeal. Mr. Harvey's herpes claim was neither presented to nor addressed by the Veterans Court in this case, and therefore is not properly before this court. Because we lack jurisdiction to consider Mr. Harvey's herpes claim, we dismiss his current appeal.

Furthermore, even if Mr. Harvey were challenging the Veterans Court's separate August 2022 decision remanding his herpes claim for further adjudication, his appeal would be premature. As the government notes, the "claim is presently active with VA in the veterans benefits process—specifically, the [VA regional office] issued a[] [Supplemental Statement of the Case] on Mr. Harvey's herpes claim on July 24, 2024." Appellee's Br. 9 (citing SAppx103[2]). "In due course, the herpes claim will

---

[2]    "SAppx" refers to the supplemental appendix accompanying Appellee's Response Brief, ECF No. 17.

automatically be returned to the Board," the Board will issue a decision, and Mr. Harvey can appeal to the Veterans Court and then to this court, if necessary. *Id.*

## CONCLUSION

For the foregoing reasons, we dismiss this appeal.

## **DISMISSED**

### COSTS

No costs.