Aaron KIGHT, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 99–1070.

United States Court of Appeals for Veterans Claims.

Oct. 26, 1999.

Before KRAMER, FARLEY, and STEINBERG, Judges.

## ORDER

PER CURIAM:

On June 17, 1999, the appellant filed a Notice of Appeal (NOA) from the April 22, 1999, decision of the Chairman of the Board of Veterans' Appeals (Board or BVA) denying reconsideration of a September 23, 1998, BVA decision. The BVA received the appellant's motion for reconsideration on January 26, 1999, 125 days after the date stamped on the Board's decision.

 To be timely filed under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a), an NOA must generally be filed with the Court within 120 days after notice of the BVA decision is mailed to an appellant. This Court may not review denials of reconsideration by the BVA Chairman in cases where it does not already have jurisdiction by virtue of a timely appeal from a final Board decision. *See Mayer v. Brown,* 37 F.3d 618, 620 (Fed. Cir.1994). The only exception is in those cases in which the appellant has: (1) filed with the Board a motion for BVA reconsideration within 120 days after the mailing of notice of the BVA decision; and then (2) filed an NOA within 120 days after the BVA Chairman has mailed notice of the denial of the reconsideration motion. *See Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991).

 In *Linville v. West,* 165 F.3d 1382, 1386 (Fed.Cir.1999), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) determined that the "postmark" rule for determining filing dates in 38 C.F.R. § 20.305 (1998) ("Rule 305(a)") applies to motions for reconsideration and that a motion for reconsideration legibly postmarked within 120 days after the Board's final decision would abate the finality of that decision. *See Curtis v. West,* 13 Vet.App. 114, 115–116 (1999). On September 8, 1999, this Court, citing *Linville,* ordered the Secretary to provide a copy of the envelope in which the appellant's motion for reconsideration was mailed to the BVA. In his September 20, 1999, response, the Secretary reports that the BVA does not have a copy of the envelope in which the motion for reconsideration was mailed to the BVA.

The Federal Circuit interpreted Rule 305(a) to allow the same filing procedures to be used for motions for reconsideration as with other time-critical document filings with the Board. *Linville,* 165 F.3d at 1386.

Rule 305(a) provides:

*Acceptance of postmark date.* When these Rules require that any written document be filed within a specified period of time, a response postmarked prior to expiration of the applicable time limit will be accepted as having been timely filed. In the event that the postmark is not of record, the postmark date will be presumed to be five days prior to the date of receipt of the document by the Department of Veterans Affairs. In calculating this 5–day period, Saturdays, Sundays and legal holidays will be excluded.

In the instant appeal, the appellant's motion for reconsideration was received by the BVA 125 days after its decision was mailed to the appellant and the postmark is not of record. The Court, in consideration of the provisions of Rule 305(a) presuming the postmark date to be five days prior to receipt in such cases, holds that the appellant's motion for reconsideration was timely filed with the BVA and that it thereby abated the finality of the BVA's decision under *Rosler, supra.* The appellant's NOA, filed within 120 days after the BVA's mailing of notice of the Chairman's denial of his motion for reconsideration, was, therefore, timely filed with the Court. *See Curtis, supra* (applying *Linville* and Rule 305(a) as basis for holding NOA timely filed with Court where it was received more than 120 days after mailing of BVA decision but where intervening mailing of motion for reconsideration to BVA had been postmarked on the 120th day after BVA decision).

Upon consideration of the foregoing, it is

ORDERED that the Secretary, within 30 days after the date of this order, file with the Clerk and serve on the appellant the designation of the record. It is further

ORDERED that the case is returned to the single judge for disposition.