# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 96-1321

Lawrence J. Pogue, Appellant,

v.

Togo D. West, Jr.,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided     March 9, 2000  )

*Karen B. Levin*, of Washington, D.C., for the appellant.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant General Counsel; and *Kathy A. Banfield*, all of Washington, D.C., were on the pleadings for the appellee.

Before IVERS, STEINBERG, and GREENE, *Judges*.

STEINBERG, *Judge*: Before the Court in this appeal is a jurisdictional issue of the timeliness of the filing in this Court of the appellant's Notice of Appeal (NOA). Presently pending is the Court's sua sponte consideration of the timeliness of that NOA under *Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991). For the following reasons, the Court will dismiss this appeal for lack of jurisdiction.

## I. Relevant Background

In a June 26, 1995 decision, the Board of Veterans' Appeals (BVA or Board) denied a claim of a World War II veteran for Department of Veterans Affairs (VA) service connection for dermatitis and denied claims for increased ratings above 10% and 40%, respectively, for anxiety neurosis and a low-back disability. Supplemental (Suppl.) Preliminary Record (Prelim. R.) at 2, 11. On August 2, 1996, the BVA Senior Deputy Vice Chairman denied the veteran's motion for BVA reconsideration;

issued a corrected page for the June 1995 BVA decision as to the length of the veteran's prisoner of war (POW) status; and noted that the veteran's motion for BVA reconsideration had been filed at a VA regional office (RO) on July 10, 1995. Prelim. R. at 8-10.

On October 2, 1996, the appellant filed pro se an NOA from that August 1996 denial. On January 23, 1997, the Court, sua sponte, stayed proceedings in this case pending resolution of the issues in *Jaquay v. West*, which was decided on February 9, 1998. *Jaquay*, 11 Vet.App. 67 (1998). In October 1997, Stephen V. Dunn, Esquire, entered an appearance on behalf of the appellant, and in December 1997 he filed a motion to withdraw, which the Court granted. In January 1998, Karen B. Levin, Esquire, entered an appearance on behalf of the appellant.

On May 13, 1998, this Court ordered the Secretary to advise the Court of the date that the Board had received the veteran's motion for reconsideration. The Secretary filed a motion for an extension of time to file his response; in that motion, he stated that he needed extra time in order to obtain information from the Board. June 2, 1998, Motion for an Extension (Motion) at 1. In a second motion for an extension of time, the Secretary advised the Court that he had attempted to transfer the claims file to the Board but that the Board had never received it and that both the VA Office of the General Counsel (OGC) and the Board were searching for it. June 17, 1998, Motion at 1. In a third motion for an extension of time, the Secretary noted that the claims file was still missing and that the VAOGC, the Board, and all VAROs were searching for that file. July 17, 1998, Motion at 1-2. Ultimately, the Secretary responded that the Board was then unable to ascertain when any motion for BVA reconsideration had been received by the Board because the appellant's claims file was unavailable and because neither the Board's computerized appeal tracking system (VACOLS) nor its "Briefface" contained that information. In a declaration attached to that response, Nancy Stackhouse, BVA Director of the Administrative Service, averred as follows: (1) "It is the Board's usual practice to date stamp a document on the date it is received by the Board"; (2) she was unable to determine whether the veteran's motion for BVA reconsideration had been received by the Board directly from him or whether it had been received by the Board from the RO; and (3) VACOLS reflected that the claims file had been received by the Board on March 1, 1996, although the reason for receipt at that time was not apparent. Aug. 17, 1998, Response (Resp.), Exhibit (Ex.) at 1-2.

2

On August 26, 1998, the Court, noting that it appeared that the appellant had not met his burden to demonstrate that he had filed his motion for BVA reconsideration within 120 days after the mailing of the notice of the BVA decision, ordered the appellant to explain why the Court should not dismiss the appeal for lack of jurisdiction. In response, the appellant, through counsel, requested "that the Court order the Secretary to locate the missing claims file before it require[d the appellant] to respond to [the Court's] August 26, 1998[,] order." Sept. 1, 1998, Resp. at 2.

On November 9, 1998, the Court ordered the Secretary to file "a preliminary record containing all documents from the appellant's claims and BVA files pertinent to the jurisdictional issue pending . . . and a memorandum describing the BVA process for maintaining records as to when a motion for BVA reconsideration is received by the Board." *Pogue v. West*, No. 96-1321, 1998 WL 813994, at *2 (Vet. App. Nov. 9, 1998). On January 8, 1999, the Secretary responded, advising the Court that the appellant's claims file had still not been located. The Secretary attached copies of documents contained in the "Board's file" and of the Board's applicable procedures. Jan. 8, 1999, Resp. at 1; Prelim. R. at 26-36. The BVA procedures for processing motions for BVA reconsideration include in pertinent part:

> Appellants and representatives file motions for reconsideration of Board decisions with the Director of the Administrative Service. *See* 38 C.F.R. § 20.1001(b). On receipt of a motion, the Administrative Service will take the following actions, updating VACOLS at all stages of processing as required:
>
> - Stamp the motion with the date and location of receipt.
> - Retrieve the existing Briefface for the case, or create a new Briefface if the old Briefface is no longer available.
> - Make a copy of the motion and file it in the Briefface.

Prelim. R. at 19. Among the other documents provided is a July 6, 1995, letter from the Disabled American Veterans (DAV) to the RO, which stated in pertinent part:

> We submit for your consideration, [a] claim for benefits based upon service of the above named veteran . . . . Veteran requests correction of POW captivity dates and months. He also requests increased rating and service connection for arthritis of multiple joints, nerves, sinusitis[,] and kidney disorder.

Prelim. R. at 1. Attached to that DAV letter was a "Statement in Support of Claim" (Statement) dated July 5, 1995, and signed by the veteran; that Statement provided:

I am requested [sic] that my P.O.W. time be cor[r]ected to show 14 months captivity instead of 3 months per the recent BVA decision.

I am requesting that my case be reconsidered on all my treatment since 1992 to current treatment. Consider back with arthritis of multiple joints, nerves, sinusitis[,] and kidney disorder. All these conditions are service connected and have increased in severity.

Prelim. R. at 1-2. There are several handwritten markings on both the DAV letter and the veteran's Statement. In a declaration attached to the Secretary's January 8, 1999, response, Judith A. Veres, Consultant on the staff of the VA Compensation and Pension Service in VA Central Office, averred in pertinent part as follows:

4.  The July 6, 1995[, DAV letter] constitutes a cover sheet, transmitting the Statement . . . and explaining the veteran's claim. The handwritten notation "Pull" on the cover letter indicates that the documents required that the claims folder be pulled and adjudicative action taken.

5.  The stamps on the Statement . . . establish that it was received at the . . . RO on July 10, 1995, and that a pending issue control was established on the same date.

6.  The handwritten notations of "R/B" and the date November 13th, on the [motion] indicate that the document was referred to the RO rating board on that date for adjudicative action.

7.  The handwritten notations on the [DAV] letter indicate that the cover sheet was referred to the RO rating board on November 13, 1995.

Jan. 8, 1999, Resp. at 38-39 (Declaration at 1-2). The Secretary also indicates that the claims file was received by the Board on March 1, 1996 (Suppl. Prelim. R. at 23) and briefly transferred to the DAV in April 1996 (Prelim. R. at 4-6; Suppl. Prelim. R. at 23). June 21, 1999, Resp. at 5-6. He also indicates that the OGC sent the claims file to the RO in April 1997 in order to process a request by the appellant's previous counsel for a complete copy of the claims file and that the appellant may therefore have documents that would resolve the issue. Jan. 8, 1999, Resp. at 3. On January 14, 1999, the appellant replied that although his current counsel had such documents, a "review of these documents does not provide any assistance in determining when the Board received the motion for reconsideration." Jan. 14, 1999, Resp. at 1.

On March 18, 1999, the Court ordered the appellant to file a memorandum addressing the application to this case of *Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998) (en banc), and *Linville v. West*, 165 F.3d 1382 (Fed. Cir. 1999), and the Secretary to file a memorandum in response to the appellant's memorandum. *Pogue v. West*, 12 Vet.App. 263, 264 (1999). On May 18, 1999, the appellant filed a response, and on June 21, 1999, the Secretary filed a response thereto.

## II. Analysis

### A. Preliminary Matter

In his May 18, 1999, response, the appellant petitions the Court for extraordinary relief in the nature of a writ of mandamus; specifically, he requests that the Court order "VA to search the entire VA system" to locate his claims file. May 18, 1999, Resp. at 9. The Secretary responds, requesting that the Court strike that petition on the grounds that its inclusion as part of this appeal is contrary to Rule 21 of the Court's Rules of Practice and Procedure (Rules) and that its inclusion as part of the appellant's response exceeds the scope of the Court's March 18, 1999, order. June 21, 1999, Resp. at 7. The Court notes that the Secretary has averred that a search for the claims file has been made in the OGC, the Board, and all ROs. *Id*. at 20; July 17, 1998, Motion at 2; June 17, 1998, Motion at 1. Because, for the reasons that follow, the Court concludes that the petition is without merit, the Court will deny as moot the Secretary's motion to strike that petition.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976). Before a court may issue a writ, a petitioner must demonstrate (1) a clear and indisputable right to the writ and (2) a lack of adequate alternative means to obtain the relief sought. *See In the Matter of the Fee Agreement of Cox*, 10 Vet.App. 361, 370 (1997) (holding that this Court has authority, in appropriate circumstances, to issue writs under All Writs Act, 28 U.S.C. § 1651(a)), *vacated in part on other grounds sub nom. Cox v. West*, 149 F.3d 1360 (Fed. Cir. 1998) (affirming all holdings; vacating only for consideration of asserted facts occurring after this Court's opinion).

The Court understands the petitioner's frustration with the Board's error in its received-date notation and with VA's loss of the claims file. However, the petitioner has not asserted any facts that suggest that the claims file might be found in any VA office other than the OGC, the Board, or the

ROs, which offices the Secretary has averred have already been searched. Accordingly, the petitioner has not shown a clear and indisputable right to the writ.

### B. Jurisdiction

The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). Pursuant to 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a BVA decision by this Court, that decision must be final and the person adversely affected by it generally must file a timely NOA with the Court. *See Bailey*, 160 F.3d at 1363. To have been timely filed under 38 U.S.C. § 7266(a) and Rule 4, an NOA must have been received by the Court (or, in certain circumstances, deemed so received) within 120 days after notice of the underlying final BVA decision was mailed. *See Cintron v. West*, __ Vet.App. __, __, No. 98-1315, slip op. at 4 (Dec. 1, 1999); *Leonard v. West*, 12 Vet.App. 554, 555 (1999) (per curiam order); *see also* 38 U.S.C. § 7266(a)(3)(B). *But see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Evans (Billy) v. West*, 12 Vet.App. 396, 399 (1999) (citing *Bailey*, 160 F.3d at 1365, and other cases regarding equitable tolling of NOA-filing period under certain circumstances).

This Court may not review denials of reconsideration by or on behalf of the BVA Chairman in cases where it does not already have jurisdiction by virtue of a timely appeal from a final Board decision. *See Mayer v. Brown*, 37 F.3d 618, 619 (Fed. Cir. 1994), *overruled in part by Bailey*, 160 F.3d at 1368. There is an exception in those cases in which the appellant has (1) filed with the Board a motion for BVA reconsideration within 120 days after the mailing date of notice of the underlying final BVA decision ***and also*** (2) filed with the Court an NOA within 120 days after the BVA Chairman has mailed notice of a denial of the reconsideration motion. *See Rosler*, 1 Vet.App. at 249; *see also Linville*, 165 F.3d at 1385-86 (by implication ratifying *Rosler*). In the instant case, there is no dispute that the appellant filed his October 2, 1996, NOA with this Court within 120 days after the August 2, 1996, decision of the BVA Senior Deputy Vice Chairman and that the second condition has thus been met. The question is whether the appellant has met the first of these two conditions for an exception.

***1. Timeliness of Motion for BVA Reconsideration.*** The BVA decision on appeal was issued on June 26, 1995, and in order to toll the 120-day judicial-appeal period the veteran's motion for BVA reconsideration must have been filed on or before October 24, 1995.

***a. The Postmark Rule:*** In *Linville*, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) applied a liberalizing VA postmark regulation (38 C.F.R. § 20.305(a)) together with the VA regulation as to the filing of motions for BVA reconsideration (38 C.F.R. § 20.1001(b)) to determine the date on which the Board received such a motion and held that the NOA had been timely filed under *Rosler*, *supra*. *Linville*, 165 F.3d at 1385-86. That liberalizing VA regulation provides:

> When these Rules require that any written document be filed within a specified period of time, a response postmarked prior to expiration of the applicable time limit will be accepted as having been timely filed. In the event that the postmark is not of record, the postmark date will be presumed to be five days prior to the date of receipt of the document by the Department of Veterans Affairs. In calculating this 5-day period, Saturdays, Sundays and legal holidays will be excluded.

38 C.F.R. § 20.305(a) (1999); *see also* 38 U.S.C. § 7266(a)(3); U.S. VET. APP. R. 4(a). The VA regulation that applies more specifically to filing motions for BVA reconsideration provides:

> A motion for reconsideration of a prior Board of Veterans' Appeals decision may be filed at any time. Such motions must be filed at the following address: Director, Administrative Service (014), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420.

38 C.F.R. § 20.1001(b) (1999). In *Linville*, the appellant's "properly-addressed motion for reconsideration" was postmarked by the U.S. Postal Service (USPS) on the 112th day after the Board's final decision. *Linville*, 165 F.3d at 1383. In addition, this Court held in *Jaquay* that 38 C.F.R. § 20.1001(b) requires motions for BVA reconsideration to be filed with the Board; that the NOA filing period is not tolled by a claimant's filing of that motion with an RO; and that an RO has no duty to forward to the Board or return to a claimant such a motion that had been erroneously submitted to that RO. *Jaquay*, 11 Vet.App. at 70, 72, 74; *see also Zajicek v. West*, 12 Vet.App. 48, 50 (1998).

Here, there is no evidence before the Court of a USPS postmark as to any motion filed with either the RO or the Board. Thus, the appellant cannot use the first avenue of proof under the postmark rule, which requires the Board to accept as timely filed motions that are postmarked within

the 120-day judicial-appeal period. 38 C.F.R. § 20.305(a) (where "a response postmarked prior to expiration of the applicable time limit will be accepted as having been timely filed").

As to the second avenue of proof under § 20.305(a) (where "the postmark is not of record, the postmark date will be presumed to be five days prior to the date of receipt of the document by [VA]"), there is no evidence of when the Board actually received the veterans' motion for BVA reconsideration. The appellant argues, however, that he has satisfied *Rosler*'s first condition because § 20.305(a) specifically allows "receipt of the document by [VA]" and because his motion for BVA reconsideration was stamped received by VA within the 120-day judicial-appeal period. May 18, 1999, Resp. at 2-3. That interpretation flies in the face of the "statutory construction . . . 'principle that a more specific statute will be given precedence over a more general one'". *Roy v. Brown*, 5 Vet.App. 554, 556-57 (1993) (applying that principle to interpretation of VA regulations, quoting *Busic v. United States*, 446 U.S. 398, 406 (1980), and citing *Preiser v. Rodriquez*, 411 U.S. 475, 489-90 (1973)). *But see Roy*, 5 Vet.App. at 557-58 (Steinberg, J., dissenting (stating that application of that principle was inappropriate in that case on ground that result would conflict with Court's previous interpretation of those VA regulations)). Although the general VA regulation, 38 C.F.R. § 20.305(a), that provides for a postmark rule allows for the filing of documents with VA, the VA regulation that controls the filing of motions for BVA reconsideration, 38 C.F.R. § 20.1001(b), specifies that those motions must be filed **with the Board**.

   **b. Filing with the Board:** The appellant also asserts that "*Linville* has lessened *Jaquay*" and "invites the Court to reconsider its *Jaquay* decision." May 18, 1999, Resp. at 4. However, the Federal Circuit in *Linville* based its holding on the interaction of §§ 20.305(a) and 20.1001(b), and stated: "An interpretation of [§§ 20.]1001(b) and [20.]305(a) allowing the same filing procedures to be used as with all other time-critical document filings **with the Board** or the [Court] best comports with *Rosler* and [*ICC v. Brotherhood of*] *Locomotive Engineers*[, 482 U.S. 270 (1987)]." *Linville*, 165 F.3d at 1385-86 (emphasis added). This Court, in twice applying *Linville* and finding jurisdiction, has specifically noted that the motion for BVA reconsideration in each case had been filed with the Board. *See Kight v. West*, 13 Vet.App. 132, 134 (1999); *Curtis v. West*, 13 Vet.App. 114, 115 (1999). We find no statutory, regulatory, or caselaw support for allowing otherwise.

The appellant contends that the July 10, 1995, date written in the "DATE RECEIVED" box of the BVA "Briefface" (Suppl. Prelim. R. at 17) is evidence that the Board "deemed [his] motion for reconsideration received at the Board on July 10, 1995." May 18, 1999, Resp. at 7-8. The Secretary notes that "the briefface does not specify that the 'Date Received' block means the date received **at the Board**" and that the "Briefface" contains several dates. June 21, 1999, Resp. at 4. The Court finds unpersuasive the Secretary's argument that a date written in the "DATE RECEIVED" box on the Board's own "Briefface" is not to be understood as being the date on which the Board received the document in question.

In this case, however, the Secretary has provided the following evidence that calls into question that BVA "Briefface" received date: (1) The appellant's July 5, 1995, Statement was dated as received by the RO on July 10, 1995 (Prelim. R. at 1-2), the same date noted on the BVA "Briefface" (Suppl. Prelim. R. at 17); (2) the RO transferred that Statement to an RO rating board on November 13, 1995 (Prelim. R. at 1-2); and (3) on December 1, 1995, that rating board construed that Statement as a motion for BVA reconsideration and apparently forwarded it to the Board (Suppl. Prelim. R. at 15). The Court notes that the appellant has not here alleged that he filed with the Board a motion for BVA reconsideration. Thus, it appears that the Statement that the appellant filed with the RO, which was construed as a motion for BVA reconsideration, was not before the Board until after October 24, 1995, the 120th day of the judicial-appeal period.

The appellant also argues that the Secretary is in the best position to determine whether and when the Board received the veteran's motion for BVA reconsideration and that "VA should not be allowed to manipulate its carelessness to defeat jurisdiction in [this] appeal." May 18, 1999, Resp. at 4-5. The appellant requests that the Court create an exception to the *Jaquay* holding (that motions for BVA reconsideration must be received by the Board within the 120-day judicial-appeal period) for circumstances, as here, where the appellant cannot show the timeliness of his motion for BVA reconsideration because "the Board lacks the receipt date, due to its own fault." *Id*. at 4. The Court is sympathetic to such a dilemma and is dismayed by the Board's lack of documentation in this case and VA's apparent carelessness in losing the claims file. Nonetheless, even if the Court were inclined to create such an exception, the circumstances of this case would not warrant it. As discussed above, the evidence shows that the Statement that the DAV submitted to the RO for the

9

veteran, which was eventually construed as a motion for BVA reconsideration, was forwarded by the RO to the Board only in December 1995; therefore, that Statement could not have reached the Board from the RO until well after October 24, 1995, the 120th day of the judicial-appeal period. The appellant has provided no evidence to indicate, nor has he alleged, that his claims file contains any evidence to the contrary. Nor has the appellant alleged that he filed any motion for BVA reconsideration directly with the Board.

Thus, as we recently held in *Cintron*, "without evidence that the Board received a . . . motion for BVA reconsideration before the expiration of the 120-day judicial-appeal period or unless there are circumstances warranting equitable tolling of that period, the Court must dismiss this appeal for lack of jurisdiction, *see Rosler*, *supra*." *Cintron*, __ Vet.App. at __, slip op. at 6.

*2. Equitable Tolling*. Accordingly, the next question before us is whether the circumstances surrounding the veteran's filing of his motion for BVA reconsideration trigger the application of equitable tolling, within the meaning of *Bailey*, to the 38 U.S.C. § 7266(a) 120-day judicial-appeal filing deadline. In *Bailey*, the Federal Circuit characterized *Irwin* as having held that "equitable tolling is available in suits between private litigants . . . 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Bailey*, 160 F.3d at 1364 (quoting *Irwin*, 498 U.S. at 95-96). The Federal Circuit held in *Bailey* that equitable tolling in the veterans' benefits context requires the appellant to have been misled or induced by VA conduct "into allowing the filing deadline to pass". *Id*. at 1364 (quoting *Irwin*, *supra*); *see also Leonard*, 12 Vet.App. at 557 (Steinberg, J., concurring). "There must be cause and effect; that is, the appellant must have relied to his detriment on something that VA did (or should have but did not do). *See Bailey*, 160 F.3d at 1365 (noting that veteran had accepted and relied on VA advice and was misled by that advice 'into allowing filing deadline to pass')." *Chastain v. West*, __ Vet.App. __, __, No. 97-1161, slip op. at 4 (Jan. 24, 2000); *see also Cintron*, __ Vet.App. at __, slip op. at 8.

The appellant argues that the BVA Notice of Appellate Rights (Notice), provided to him with the June 26, 1995, BVA decision on appeal, is misleading in that it stated that a veteran "may file" a motion for BVA reconsideration with the Board but did not state that a veteran is "prohibited from sending his form to his local [RO]." May 18, 1999, Resp. at 3. The Court also notes that the Secretary has provided evidence, in the form of a Notice dated July 26, 1995, that accompanied the

10

BVA decision on appeal, that VA properly and promptly advised the veteran of his appellate rights, as required by 38 U.S.C. § 5104(a) (when VA makes a decision as to a claim for benefits, the Secretary "shall, on a timely basis, provide the claimant . . . notice of such decision . . . [that] shall include an explanation of the procedure for obtaining review of the decision"); the appellant has not refuted that evidence. The Court thus holds that the appellant was fully advised of his appellate rights in accordance with section 5104. *See Cummings v. West*, 136 F.3d 1468, 1474 (Fed. Cir. 1998), *overruled on other grounds*, *Bailey*, 160 F.3d at 1368; *Cintron*, __ Vet.App. at __, slip op. at 9.

The Court notes that that Notice provided in pertinent part: "You may file a motion for reconsideration of this BVA decision at the following address: Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420." Suppl. Prelim. R. at 13. There is no option for filing elsewhere; thus, the words "may file" relate only to a veteran's choice as to whether to file or not to file such a motion. As the Court stated in *Cintron*:

> That Notice specifically provides that a motion for reconsideration is to be filed ***with the Board***. In addition, 38 C.F.R. § 20.1001(b) requires that a motion for BVA reconsideration be filed at the Board and provides the Board's address. *See Zajicek*[, *supra*]; *Baisden*[ *v. West*, 11 Vet.App. 215, 216 (1998)]; *Jaquay*, 11 Vet.App. at 74. There is nothing misleading or ambiguous in either § 20.1001(b) or the BVA Notice's address reference that could reasonably be said to have induced the appellant to miss the NOA filing deadline.

*Cintron*, __ Vet.App. at __, slip op. at 9-10.

Accordingly, the Court holds that there is no evidence that the appellant's motion for BVA reconsideration was filed within 120 days after the notice of the BVA decision was mailed. There is otherwise nothing in this appeal to suggest that tolling of the 120-day judicial appeal period under 38 U.S.C. § 7266(a) would be warranted. *See Bailey*, *supra*; *Cintron*, __ Vet.App. at __, slip op. at 5-8; *Leonard*, *supra*. Therefore, the Court is without jurisdiction to review this appeal.

### III. Conclusion

Upon consideration of the foregoing analysis, the preliminary record on appeal, and the submissions of the parties, the Court dismisses this appeal for lack of jurisdiction.

APPEAL DISMISSED.