# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-988

WILLIAM D. SMITH, APPELLANT,

V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided  June 14, 2000  )

*Carol Ponton*, of Holly Hill, Florida, was on the pleadings for the appellant.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Thomas A. McLaughlin*; and *Cristine D. Senseman*, all of Washington, D.C., were on the pleadings for the appellee.

Before IVERS, STEINBERG, and GREENE, *Judges.*

STEINBERG, *Judge*: Before the Court in this appeal is a jurisdictional issue of the timeliness of the appellant's Notice of Appeal (NOA).  The Court's determination of this issue turns on whether the circumstances of this case support the application of equitable tolling, within the meaning of *Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998) (en banc), to the 38 U.S.C. § 7266(a) 120-day deadline.  Because the Court will hold that the situation here does not support the application of equitable tolling, we will grant the Secretary's motion for dismissal and dismiss this appeal for lack of jurisdiction.

## I. Relevant Background

On March 18, 1998, the Board of Veterans' Appeals (Board or BVA) issued a decision denying the appellant's claim for Department of Veterans Affairs (VA) service connection for cirrhosis of the liver.  On July 10, 1998, the Board received from the appellant a motion for

reconsideration, which was denied by the Acting BVA Chairman on October 7, 1998. That denial provided:

> Your motion for reconsideration, which has been carefully reviewed in light of the Board's decision in your appeal, does not demonstrate that the BVA decision contains obvious error. The BVA decision at issue contains findings of fact that have a plausible basis in the record; was consistent with the available evidence and applicable statutory and regulatory provisions; and contains clearly stated reasons and bases for the decision. For these reasons, I must deny your motion for reconsideration.
>
> Public Law No. 105-111, which was enacted on November 21, 1997, creates a new section 7111 in title 38, United States Code, giving the Board the authority to revise prior BVA decisions on the grounds of clear and unmistakable error (CUE). . . . Therefore, the Board is construing your motion for reconsideration on the basis of obvious error as a request for revision of a prior BVA decision on the grounds of CUE.
>
> The Board is engaged in promulgating regulations necessary to carry out the provisions of Pub. L. No. 105-111 and has decided to defer determinations on all requests for revision of prior BVA decision on the grounds of CUE until these regulations have been finalized. When final regulations become effective, the Board will begin to adjudicate these requests. At that time, the Board will review your request for revision of a prior BVA decision on the grounds of CUE.
>
> In the meantime, any additional evidence that you may obtain may be submitted to the St. Petersburg regional office in support of a new or reopened claim.

Secretary's Transmittal of BVA Decision (Transmittal), Attachment (Attch.) 1, at 1-3.

On June 10, 1999, the appellant filed through counsel an NOA from the March 18, 1998, BVA decision. On August 11, 1999, the Secretary moved to dismiss the appeal, asserting that the appellant had filed an untimely NOA. On September 2, 1999, the Court granted the Secretary's unopposed motion. On that same date, the appellant filed a motion for an extension of time to respond to the Secretary's motion, and later filed out-of-time a motion that he be permitted to respond to the Secretary's motion to dismiss and a motion to reinstate the case and to file a response out-of-time. On September 22, 1999, the Clerk of the Court revoked the September 2, 1999, order and reinstated the appeal and ordered the appellant to file a response not later than 20 days after the date of the order. On October 12, 1999, the appellant filed a response to the Secretary's motion to dismiss. On February 28, 2000, the Secretary filed a response. On March 8, 2000, the appellant

filed a motion for leave to file a reply to the Secretary's response to the Court's September 22, 1999, order. The Court granted that motion and the appellant filed the reply on April 27, 2000. The appellant also filed a motion for an extension of time, which the Court granted, to file an affidavit, and the appellant on May 17, 2000, filed an affidavit.

## II. Analysis

The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). Pursuant to 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a BVA decision by this Court, that decision must be final and the person adversely affected by that decision generally must file a timely NOA with the Court. *See Bailey*, 160 F.3d at 1363. To have been timely filed under 38 U.S.C. § 7266(a) and Rule 4 of this Court's Rules of Practice and Procedure, an NOA generally must have been received (or, in certain circumstances, be deemed so received) by the Court within 120 days after notice of the underlying final BVA decision was mailed. *See Cintron v. West*, 13 Vet.App. 251, 254 (1999); *Leonard v. West*, 12 Vet.App. 554, 555 (1999) (per curiam order); *see also* 38 U.S.C. § 7266(a)(3)(B). *But see Evans (Billy) v. West*, 12 Vet.App. 396, 399 (1999) (citing cases regarding equitable tolling of NOA-filing period under certain circumstances).

However, under *Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991), a motion for reconsideration filed with the Board within the 120-day judicial-appeal period will "toll the time limit for filing a[n NOA] to the Court." *Linville v. West*, 165 F.3d 1382, 1386 (Fed. Cir. 1999) (expressly adopting *Rosler*, *supra*). As this Court held in *Rosler*, "if . . . the claimant . . . -- before filing an NOA with this Court -- files a motion for reconsideration with the BVA during the 120-day judicial appeal period, the finality of the initial BVA decision is abated by that motion for reconsideration . . . [and a] new 120-day period begins to run on the date on which the BVA mails to the claimant notice of its denial of the motion to reconsider". *Rosler*, *supra*. Thus, there is an exception in those cases in which the appellant has (1) filed a motion for BVA reconsideration within 120 days after the mailing date of notice of the underlying final BVA decision ***and also*** (2) filed an NOA within 120 days after the BVA Chairman has mailed notice of a denial of the reconsideration motion. *See Rosler*, *supra*; *see also Linville*, 165 F.3d at 1385-86.

3

In the instant case, the appellant's NOA, which "was properly addressed to the Court and mailed", was deemed to have been received on June 10, 1999, "the date of the United States Postal Service postmark stamped on the cover in which the notice [was] posted". 38 U.S.C. § 7266(a)(3)(B). Thus, that June 10, 1999, NOA was filed more than 120 days after the Acting BVA Chairman's letter denying reconsideration was mailed on October 7, 1998, and the appellant has not met the second of the two 120-day judicial-appeal periods that obtains where a motion for BVA reconsideration has been filed within 120 days after the mailing of notice of the BVA decision. The question before this panel, therefore, is whether the circumstances here regarding the appellant's June 1999 NOA trigger the application of equitable tolling to the 120-day section 7266 judicial-appeal period.

In *Bailey*, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) characterized *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), as having held that "equitable tolling is available in suits between private litigants . . . 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Bailey*, 160 F.3d at 1364 (quoting *Irwin*, *supra*). The Federal Circuit specifically held in *Bailey* that equitable tolling in the paternalistic veterans' benefits context does not require **mis**conduct (such as trickery); however, *Bailey* does require the appellant to have been "misled by ***the conduct of his adversary*** into allowing the filing deadline to pass." *Bailey*, 160 F.3d at 1365 (emphasis added).

The appellant argues that the circumstances of his case warrant the application of equitable tolling because he consistently sought help from and relied upon State of Florida Volusia County veterans service officers (VSOs) in Daytona Beach, Florida, in pursuing the claim in question. Specifically, the appellant alleges that upon receiving the October 7, 1998, denial of his motion for BVA reconsideration, he "immediately met with a [VSO] for Volusia County" and showed that VSO the October 7, 1998, BVA denial letter, and that that VSO "stated that, apparently, someone had already appealed my case[;] . . . then directed [him] to sit back and wait, and see what happens because the case was still in appeal status before the BVA[; and] . . . told [him] that [he] could not do anything until [he had] heard from the BVA." Appellant's Response (Resp.), Affidavit at 1. He also alleges that he received an April 19, 1999, letter from the Board; that he then met with another Volusia County employee, who directed him to consult an attorney; and that he contacted an attorney

4

and thereafter filed an NOA with this Court. *Ibid*. The appellant's argument, in essence, is that the Volusia County VSO, on whose advice he relied, misled him into allowing the filing deadline to pass and that the NOA filing period should be subject to equitable tolling because of such misleading advice. Resp. at 4.

Although in *Bailey* there was no question but that the representative on whom the veteran had relied was a VA employee, the Federal Circuit there did specifically conclude "that a veteran's inducement **by an adversary's** conduct is akin to grounds sufficient to toll a limitations period in a private suit." *Bailey*, 160 F.3d at 1365. In this case, the appellant's representative before the Board was not a VA employee but a Volusia County, Florida, employee. Resp. at 4. Nor does the appellant contend that that Volusia County VSO was an agent of VA. The Volusia County VSO, on whom the veteran relied to his detriment, was not an "adversary" in the proceedings before this Court, and the *Irwin* holding that excusable neglect does not support equitable tolling is applicable to this case. *See Irwin*, *supra*; *Leonard*, 12 Vet.App. at 555; *id*. at 557 (Steinberg, J., concurring); *see also Cintron*, *supra*.

The appellant concedes that in October 1998 he received a copy of the Acting BVA Chairman's October 7, 1998, denial of his motion for BVA reconsideration. The Secretary has provided evidence, in the form of a BVA Notice of Appellate Rights Following Denial of Motion for Reconsideration (Notice) dated October 7, 1998, that accompanied that denial, that VA properly and promptly advised the veteran of his appellate rights, as required by 38 U.S.C. § 5104(a) (when VA makes a decision as to a claim for benefits, the Secretary "shall, on a timely basis, provide the claimant . . . notice of such decision . . . [that] shall include an explanation of the procedure for obtaining review of the decision"); the appellant has not refuted that evidence. *See Thompson (Charles) v. Brown*, 8 Vet.App. 169, 177 (1995) (holding that 38 U.S.C. § 5104(a) requires that Board mail copy of notice of appellate rights along with BVA decision). The Court thus holds that the appellant was advised of his appellate rights in accordance with section 5104(a). *See Cummings v. West*, 136 F.3d 1468, 1474 (Fed. Cir. 1998) (holding that BVA Notice was sufficient under 38 U.S.C. § 5104(a) and that VA was not required to provide detailed descriptions or information), *cert. denied*, 118 S. Ct. 2373 (1998), *overruled in part on other grounds*, *Bailey*, 160 F.3d at 1368;

*see also Pogue v. West*, 13 Vet.App. 368, 375 (2000); *Chastain v. West*, 13 Vet.App. 296, 300 (2000).

The appellant argues, however, that he did not receive adequate notice of his appeal rights in that the October 7, 1998, letter from the Acting BVA Chairman was confusing and misleading. Resp. at 5. He concedes that that October 1998 letter did, in fact, state that his motion for BVA reconsideration had been denied, but he asserts that the letter "immediately goes on to address" the pending CUE claim and that that language confused both the veteran and his representative, the Volusia County VSO, into believing that his reconsideration motion had not been fully decided. Resp. at. 5-8. The Court notes that the Acting BVA Chairman did state specifically in his October 7, 1998, letter: "I must deny your motion for reconsideration." Secretary's Transmittal, Attch. 1, at 2. The Court also notes that that denial was accompanied by the Notice that specified: "If you filed your motion for reconsideration within 120 days of the date of mailing of the Board's decision, you now have an additional 120 days from the date of mailing of the letter denying your motion for reconsideration, which accompanies this notice." *Id*. at 3. Based on those facts, the Court finds under *Bailey* that neither the letter nor the Notice, whether considered separately or in combination, can reasonably be said to have induced the appellant or his representative to miss the filing deadline (although it would have been preferable for the Acting BVA Chairman's letter to have made more clear that the consideration of his motion as a CUE claim was in addition to its being considered and rejected by the Board as a motion for BVA reconsideration). *See Gilbert v. Secretary of HHS*, 51 F.3d 254, 257 (Fed. Cir. 1995) (holding that equitable-tolling doctrine cannot apply where attorney misread statute); *Pogue*, 13 Vet.App. at 375-76 (holding that equitable tolling is not appropriate where there was nothing misleading or ambiguous in BVA Notice "'that could reasonably be said to have induced the appellant to miss the NOA filing deadline'" (quoting *Cintron*, 13 Vet.App. at 251, 257-59)).

Accordingly, the Court holds that the circumstances surrounding the appellant's filing of his June 10, 1999, NOA do not trigger the application of the doctrine of equitable tolling. Therefore, the Court is without jurisdiction to review this appeal.

## III. Conclusion

6

Upon consideration of the foregoing analysis and the submissions of the parties, the Court grants the Secretary's motion and dismisses this appeal for lack of jurisdiction.

APPEAL DISMISSED.