DECISION
LOURIE, Circuit Judge.
William D. Smith appeals from the decision of the United States Court of Appeals for Veterans Claims dismissing his appeal for lack of jurisdiction. Smith v. West, 13 Vet.App. 525 (2000). Because we lack jurisdiction to review the court’s judgment concerning equitable tolling and because Smith’s only other argument was not raised below, we dismiss Smith’s appeal.
DISCUSSION
Mr. Smith is a veteran, having served in the United States Army in 1948 and again from 1950 to 1955. Smith applied to the Department of Veterans Affairs (“DVA”) for service connection for cirrhosis of the liver, but the Veterans Affairs Regional Office denied his claim, first in 1990 and then twice again after remands from the *722 Board of Veterans’ Appeals (“BVA”) in 1994 and 1996. The BVA issued a final decision denying his claim on March 18, 1998. On July 10, 1998, Smith filed a motion for reconsideration. On October 7, 1998, the BVA sent Smith a three-page letter which the DVA asserts informed him that it had denied the motion. Enclosed with that letter was a one-page standard form entitled “Notice of Appellate Rights Following Denial of Motion for Reconsideration.”
The contents of that three-page letter and enclosure are at the heart of the issue in this appeal. The letter begins by acknowledging receipt of Smith’s motion and explaining the Board’s standard for granting reconsideration of its decisions. The letter explains that under 38 C.F.R. § 20.1000, one ground for reconsideration is “[ojbvious (or clear and unmistakable) error” of fact or law, and that Smith’s motion alleges such an obvious error. In the middle of the second page the letter states, “Your motion for reconsideration ... does not demonstrate that the BVA decision contains obvious error.... I must deny your motion for reconsideration.”
The next paragraph gives the opposite impression. It informs the veteran that a new law, 38 U.S.C. § 7111, allows the Board to revise prior decisions “on the grounds of clear and unmistakable error (CUE).” That paragraph closes by stating, “Therefore, the Board is construing your motion for reconsideration on the basis of obvious error as a request for revision of a prior BVA decision on the ground of CUE.” The letter goes on to explain that the Board is in the process of promulgating regulations concerning the handling of CUE claims and that “the Board will review your request for revision of a prior BVA decision on the grounds of CUE” when final regulations become effective. The final page of the letter notes the presence of the enclosed form, which gives notice of a veteran’s right to appeal to the Court of Appeals for Veterans Claims and states that a Notice of Appeal must be filed in that court within 120 days from the mailing date of the BVA’s decision.
After receiving the BVA’s letter, Smith consulted with a County Veterans Service Officer (“CVSO”) in Volusia County, Florida. The CVSO advised Smith that his case was still on appeal at the BVA and that he need not take any action at that time. Apparently relying on that advice, Smith did not file a Notice of Appeal at the Court of Appeals for Veterans Claims until June 10, 1999, well after 120 days from the mailing date of the BVA’s denial of his motion for reconsideration.
In the Court of Appeals for Veterans Claims, Smith argued that the appeal deadline should be equitably tolled or, alternatively, that the letter and the enclosure together were a confusing notice of appeal rights. The court declined to equitably toll the appeal deadline. Citing Irwin v. Dep’t of Veteran Affairs, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), and its progeny, the court held that equitable tolling was not available to Smith unless he could show that he had been “misled by the conduct of his adversary into allowing the filing deadline to pass.” Smith, 13 VetApp. at 528. Because the CVSO was not a DVA employee, and therefore not Smith’s adversary, the court reasoned that Smith did not qualify for equitable tolling. The court also concluded that the October 7, 1998 letter with its enclosed form did not mislead Smith into missing the appeal deadline, “although it would have been preferable” for the letter to have been more clear. Id. at 529.
Smith timely appealed to this court. He asserts error in the court’s denial of his claim for equitable tolling and claims a *723 violation of due process. For the reasons set forth below, we lack jurisdiction over the court’s judgment regarding equitable tolling, and we decline to exercise our jurisdiction over Smith’s due process challenge.
The scope of our review of a decision by the Court of Appeals for Veterans Claims is defined by 38 U.S.C. § 7292. Although we may review the validity or an interpretation of a statute or regulation relied on by the court, 38 U.S.C. § 7292(a), we are statutorily forbidden from reviewing a factual determination or an application of the law to the facts of the case. 38 U.S.C. § 7292(d)(2). However, when an appeal presents a constitutional issue, including a so-called “free-standing” constitutional issue not related to any statute or regulation, we are free, but not required, to review underlying factual determinations and the application of the law to those facts. Id.; In re Bailey, 182 F.3d 860, 864-65 (Fed.Cir.1999) (exercising jurisdiction over an allegation of a due process violation). Although a veteran is not required to have presented an issue to the Court of Appeals for Veterans Claims in order for us to review it, Forshey v. Principi, 284 F.3d 1335, 1349 (Fed.Cir.2002) (en banc), our consideration of such issues is “carefully restricted” and generally reserved for a small class of cases, id. at 1357.
Smith raises two arguments in this court. First, Smith argues that he is entitled to equitable tolling. Secondly, Smith argues that the notice of appeal rights he received was so defective as to amount to a denial of due process. We address each argument in turn.
A. Equitable Tolling
Attempting to fall within the boundaries of § 7292, Smith casts the court’s tolling decision as an interpretation of 38 U.S.C. § 7266(a), the statutory section that sets forth the 120-day time limit in which to appeal from a decision of the BVA. According to Smith, the court interpreted § 7266(a) as precluding equitable tolling when a veteran claimant without legal counsel is incapable of understanding the BVA’s confusing notice of appeal rights. Smith contends that Irwin does not preclude application of equitable tolling in his situation.
The government responds to Smith’s first argument by asserting that the issue falls outside of our appellate jurisdiction. The government contends that a decision to equitably toll an appeal deadline involves an application of the law to the facts, which we are prohibited from reviewing. The government further contends that the court did not interpret 38 U.S.C. § 7266(a) in deciding not to equitably toll Smith’s appeal deadline. According to the government, the court simply applied the principle to the facts. The government defends the court’s equitable tolling decision by arguing that Irwin limits the application of equitable tolling to certain circumstances, which do not include those before us. The government further defends the court’s decision by arguing that Smith failed to exercise diligence, a prerequisite for equitable tolling.
In Irwin, the Supreme Court first held that equitable tolling can be applied in favor of a party litigating against the United States. The relevant passage from Irwin setting forth that holding reads as follows:
We therefore hold that the same rebut-table presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so. But an examination of the cases in which we have applied the equitable *724 tolling doctrine as between private litigants affords petitioner little help. Federal courts have typically extended equitable tolling only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary’s misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. Because the time limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity, it is evident that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants____ [T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect.
498 U.S. at 95-96, 111 S.Ct. 453. Thus, while Irwin mentions two specific circumstances in which equitable tolling has been recognized (timely filing of a defective pleading and misconduct by an adversary), and the doctrine is not necessarily limited to the two circumstances mentioned, the Court also stated that the doctrine has been “extended ... only sparingly.” Id. at 95, 111 S.Ct. 453. Moreover, the Court stated that equitable tolling does not apply when there is a failure of diligence by a litigant.
The set of facts presented by this case is such that, were we sitting as a first reviewing tribunal, unrestricted by § 7292(d)(2), we might see our way clear to finding equitable tolling. After all, Smith was presented with a conflicting and confusing letter. However, whether or not Smith’s circumstances qualify for equitable tolling is an application of law (or equity) to fact, an application that is not for us to review. 38 U.S.C. § 7292(d)(2). The only issues involved are whether the two conflicting messages the BVA provided to Smith constituted a misleading inducement not to promptly appeal to the Court of Appeals for Veterans Claims and whether Smith was negligent in not promptly appealing. Those are both applications of law to fact, beyond our jurisdiction. We therefore must dismiss Smith’s claim based on his equitable tolling theory. See Leonard v. Gober, 223 F.3d 1374, 1376 (Fed.Cir.2000) (“Because we lack jurisdiction to consider Leonard’s arguments regarding the application of equitable tolling to the facts of her case, her appeal is dismissed.”).
B. Due Process
Although represented by counsel, Smith did not allege in the Court of Appeals for Veterans Claims that his constitutional due process rights had been violated. Instead, he argued that the unreasonable nature of the notice he received was an independent ground for a decision in his favor. In particular, Smith argued:
It is submitted that the BVA letter of October 7, 1998, was so confusing and misleading to the Vetferan] that he did not receive adequate notice of the BVA’s decision, and thus, he was not provided with adequate notice of his rights under the law.
The court apparently did not believe that Smith had raised a constitutional due process complaint because it failed to address any such issue. Nor do we believe that Smith sufficiently raised the issue before the Court of Appeals for Veterans Claims. For the reasons set forth below, we therefore decline to exercise jurisdiction over this issue.
*725 Courts of appeals do have discretion to consider issues raised for the first time when there are pressing reasons to do so. However, such discretion should be exercised sparingly in order to avoid encouraging appellants to change the grounds of appeal as they move up the judicial ladder. See Forshey at 1354 (citing Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941)). Orderly judicial procedure requires that appellate courts review decisions of subordinate tribunals, not evaluate new issues afresh. Although raising an issue below “does not demand the incantation of particular words,” Nelson v. Adams USA, Inc., 529 U.S. 460, 469, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000), and courts indulge every reasonable presumption against waiver in the loss of a fundamental right, Fuentes v. Shevin, 407 U.S. 67, 94 n. 31, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), it is “require[d] that the lower court be fairly put on notice as to the substance of the issue,” Nelson, 529 U.S. at 469, 120 S.Ct. 1579. Constitutional issues in particular call forth a quality and depth of consideration not necessarily present in more ordinary appeals. Exceptions to this general requirement are rare and usually occur when there has been a change of statute or controlling jurisprudence, the parties have advanced the wrong controlling law, or when a litigant appeared pro se in the court below. Forshey at 1354-57. Smith’s circumstances fit none of these exceptions, and the lower court was not fairly put on notice as to the legal theory he was advancing. Accordingly, we exercise our discretion to decline to reach Smith’s newly raised constitutional challenge.
Because neither of Smith’s arguments on appeal is properly before us, we dismiss his appeal.