Citation Nr: 1339310 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 13-21 529 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Whether the Veteran's May 2012 substantive appeal to the January 2011 rating decision was timely filed, and if not may such untimely filing be waived.


REPRESENTATION

Appellant represented by: Karl Truman, Attorney


ATTORNEY FOR THE BOARD

C. Bruce, Counsel






INTRODUCTION

The Veteran had active service from July 1966 to July 1968, including combat service in Vietnam. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a determination by the Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky, that a substantive appeal was not timely filed as to an January 18, 2011, RO decision which denied claims for entitlement to an initial compensable rating for pelvic bone fracture and service connection for a bladder condition, a back condition, a right arm disorder, posttraumatic stress disorder (PTSD), scar tissue on the stomach, skin cancer, degenerative joint disease, chronic obstructive pulmonary disorder (COPD), and ruptured kidneys.


FINDINGS OF FACT

1. On December 12, 2011, and subsequent to the filing of his notice of disagreement, the Veteran forwarded to the RO additional authorizations for the release of medical records within one year of the mailing of the RO's decision denying an initial compensable rating for pelvic bone fracture and service connection for a bladder condition, a back condition, a right arm disorder, posttraumatic stress disorder (PTSD), scar tissue on the stomach, skin cancer, degenerative joint disease, chronic obstructive pulmonary disorder (COPD), and ruptured kidneys

2. In its Statement of the Case issued on February 23, 2012, the RO did not respond to the Veteran's submission of additional authorizations for the release of medical records.

3. The Veteran did not file a substantive appeal discussing errors of fact or law within 60 days of the date on which the Statement of the Case was sent to the appellant, or within the remainder of the one-year period from the date of the January 18, 2011, letter notifying him that his claims for entitlement to an initial compensable rating for pelvic bone fracture and service connection for a bladder condition, a back condition, a right arm disorder, posttraumatic stress disorder (PTSD), scar tissue on the stomach, skin cancer, degenerative joint disease, chronic obstructive pulmonary disorder (COPD), and ruptured kidneys were denied.

4. The Veteran continuously prosecuted his appeal since the submission of his November 14, 2011 notice of disagreement. 


CONCLUSION OF LAW

Equitable considerations support a waiver of the 60-day timeliness requirement for filing a substantive appeal concerning the issues of entitlement to an initial compensable rating for pelvic bone fracture and service connection for a bladder condition, a back condition, a right arm disorder, posttraumatic stress disorder (PTSD), scar tissue on the stomach, skin cancer, degenerative joint disease, chronic obstructive pulmonary disorder (COPD), and ruptured kidneys. 38 U.S.C.A. § 7105(d) (2002 & Supp. 2012); 38 C.F.R. §§ 19.32, 19.34, 19.35, 19.36, 20.302, 20.305 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA's Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2013). No discussion of VCAA requirements is necessary in this case, as the appeal is being granted in full. 




Merits of the Claim

The Veteran argues that equitable considerations warrant the waiver of a filing of a timely substantive appeal. The Board will grant the appeal to this extent.

A substantive appeal consists of a properly completed VA Form 9 (Appeal to Board of Veterans' Appeals), or correspondence containing the necessary information. 38 C.F.R. § 20.202. A substantive appeal must be filed within 60 days from the date that the agency of original jurisdiction mails the Statement of the Case to the claimant or within the remainder of the one-year period from the date of mailing of the notification of the determination being appealed, whichever comes later. 38 U.S.C.A. § 7105; 38 C.F.R. § 20.302(b).

Within the VA regulatory system, the Board is the sole arbiter of decisions concerning the adequacy of a substantive appeal. 38 U.S.C.A. § 7105(d)(3); 38 C.F.R. § 20.101(d). For purposes of determining whether a substantive appeal has been timely filed, the date of mailing of the statement of the case will be presumed to be the same as the date of the Statement of the Case and the date of mailing of the letter of notification of the determination (the rating decision, in this case) will be presumed to be the same as the date of that letter. Id. An extension of the 60-day period for filing a substantive appeal may be granted for good cause. 38 C.F.R. § 20.303. However, the request for an extension must be in writing and must be made prior to expiration of the time limit for filing the substantive appeal. Id.

Here, a January 18, 2011 VA letter notified the Veteran that his claims for entitlement to an initial compensable rating for pelvic bone fracture and service connection for a bladder condition, a back condition, a right arm disorder, posttraumatic stress disorder (PTSD), scar tissue on the stomach, skin cancer, degenerative joint disease, chronic obstructive pulmonary disorder (COPD), and ruptured kidneys had been denied. In his November 2011 notice of disagreement, the Veteran asserted that he is entitled to an initial compensable rating for pelvic bone fracture and service connection for a bladder condition, a back condition, a right arm disorder, posttraumatic stress disorder (PTSD), scar tissue on the stomach, skin cancer, degenerative joint disease, chronic obstructive pulmonary disorder (COPD), and ruptured kidneys, and that the evidence that he submitted in support of his claim establishes his entitlement. 

In a letter forwarded to the Veteran on November 18, 2011, the RO advised him that it had received his notice of disagreement. It also advised the Veteran that if he desired the RO to obtain additional records, he was to submit additional release of information forms, which were enclosed. On December 12, 2011, the Veteran's additional release of information forms were received by the RO. 

The RO forwarded a Statement of the Case to the Veteran by letter dated February 23, 2012. The Veteran was advised that in order to complete his appeal, he had to file a formal appeal. A VA Form 9, Appeal to the Board of Veterans' Appeals, was enclosed with the letter. He was further informed that he must file his appeal with the Louisville RO within 60 days from the date of the letter or within the remainder, if any, of the one-year period from the date of the letter notifying him of the action that he had appealed. It was noted that if they did not hear from him within this period, that the RO would close his case. Finally it was noted that if he needed more time to file his appeal, he should request more time before the time limit for filing his appeal expired.

However, the RO did not address the Veteran's December 12, 2011 filing of additional forms to retrieve medical records. 

The Veteran submitted a VA Form 9 with supporting evidence, which was received by VA on May 11, 2012. The supporting evidence included a request for an supplemental statement of the case (SSOC) to address supplemental medical evidence not reviewed on the original statement of the case (SOC), a VA Form 21-22a requesting a change in representation, and a request for equitable tolling of the time limit to file his substantive appeal due to confusion over whether his representative from VFW or his attorney would be filing the appeal.

In a May 2012 letter, the RO notified the Veteran that his May 2012 substantive appeal was not timely. The Veteran timely appealed the RO's May 2012 determination that his May 2012 substantive appeal was not timely.

In a February 2013 letter from the Louisville RO it was noted that the Veteran's appeal was still being worked on and that his Authorization and Consent to Release forms received by the RO in December 2011, did not contain complete addresses. The letter further informed the Veteran that he should provide the requested information as soon as possible but that he had up to a year from the date of the letter to submit information and evidence necessary to support his claim. 

Under certain circumstances, a statutory filing period may be equitably tolled due to conduct of VA. See Bailey v. West, 160 F.3d 1360, 1365 (Fed. Cir. 1998). Equitable tolling, as an example, is available where the claimant has actively pursued his judicial remedies but has filed a defective pleading during the statutory period, or where a claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. Jaquay v. Principi, 304 F.3d 1276, 1282-83 (Fed. Cir. 2002). The Federal Circuit Court specifically held in Bailey that equitable tolling in the paternalistic Veterans' benefits context does not require misconduct, such as trickery; however, Bailey does require the Appellant to have been "misled by the conduct of his adversary into allowing the filing deadline to pass." Bailey, 160 F.3d at 1365; see also (William) Smith v. West, 13 Vet. App. 525 (2000). There must be a cause and effect, i.e., the complainant relied to his detriment on something that VA did or should have but did not do. See Cintron v. West, 13 Vet. App. 251, 257 (1999), citing Bailey, 160 F.3d at 1364.

The Court held in Percy that section 7105(d)(3) does not operate as a jurisdictional bar precluding the Board's consideration of an appeal where the substantive appeal is untimely. The Court specifically noted that, while section 7105(d)(3) provides that the agency of original jurisdiction "may" close a case if a substantive appeal is not timely filed, such action is discretionary, not mandatory. Given the permissive nature of section 7105(d)(3), including express authority to grant indeterminate extensions of time, the Court held that VA may waive its objection to an untimely substantive appeal, and that the Board may properly adjudicate a matter where there has been such waiver because the 60-day filing period is not jurisdictional in nature. 
The Court goes on to note in Percy that, if VA treats an appeal as if it was timely filed, then a claimant is entitled to expect that VA means what it says. 
The question for resolution in the present matter is one of fact, not of law. Stated alternatively, as long as there is no jurisdictional bar to the consideration of an appeal, the issue must be decided on its facts with a specific view towards equity. 
The Board is guided in resolution of this issue by the benefit-of-the-doubt doctrine. 

Applying the benefit of the doubt doctrine, the Board grants the appeal. First, and for the limited purpose of determining whether the Veteran's appeal should proceed notwithstanding the untimely filing of a substantive appeal, the record indicates that the Veteran may have cognitive or other mental difficulties that could impair his judgment as to recognition of correct filing dates. A memorandum for record indicates that at some point after issuance of the Statement of the Case, the Veteran received a call from VA indicating that his appeal was "at a standstill" because his previously appointed service representative was still representing him. The presence of a question mark after the statement is suggestive of an uncertainty as to all parties. 

Additionally, as argued by the Veteran through counsel in final brief before the Board, the RO should have at least acknowledged the Veteran's submission of additional authorization forms on December 12, 2011. It did not do so, and the Veteran may have been left uncertain as to the status of his appeal until counsel's entrance on May 11, 2012. At that time, the record indicates that counsel acted diligently to preserve the Veteran's appeal rights by having him submit a request for equitable tolling - to alleviate what appears to be not more than three weeks of tardiness in filing his appeal.

Given these circumstances, the appeal will be granted. The will be returned to the RO for processing of the appeal of the January 2011 rating decision denying entitlement to an initial compensable rating for pelvic bone fracture and service connection for a bladder condition, a back condition, a right arm disorder, posttraumatic stress disorder (PTSD), scar tissue on the stomach, skin cancer, degenerative joint disease, chronic obstructive pulmonary disorder (COPD), and ruptured kidneys. 
 

ORDER

The requirement to timely file the substantive appeal to the January 2011 rating decision is waived and the appeal is granted to this extent only.



____________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs